Wordy Jack THOMPSON, Jr. Appellant,

v.

The STATE BAR OF TEXAS, Appellee.

No. 05–86–00474–CV.

Court of Appeals of Texas,
Dallas.

March 20, 1987.

Herbert Green, Jr., Dallas, for appellant.

Steven D. Peterson, Adele M. Winn, Austin, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

WHITHAM, Justice.

In this disbarment proceeding, appellant, Wordy Jack Thompson, appeals from a judgment in favor of appellee, the State Bar of Texas. The judgment disbars Thompson and also suspends him from the practice of law for a period of two years. We find no merit in either of Thompson's two points of error. Accordingly, we affirm.

In his first point of error, Thompson contends that the trial court erred in permitting his attorney to withdraw as of the date of trial on the merits. The record contains no statement of facts. The judgment, however, recites:

On January 13, 1986, the Court, Honorable Marvin Blackburn, Jr., retired, of Junction, Texas, sitting, called the above-styled and numbered disciplinary action to trial. Petitioner, the Grievance Committee for State Bar District No. 6, State Bar of Texas, appeared by counsel and announced ready. Respondent, WORDY JACK THOMPSON, JR., did not appear at this time. Respondent shortly thereafter appeared and filed his Objection to Assigned Judge and Defendant's Motion for Continuance. The Court overruled Respondent's Objection to Assigned Judge, finding that Respondent had asked the Court for a continuance during the previous week and that the Court had already called the action to trial before Respondent made his objection. The court then overruled Respondent's Motion for continuance. Respondent then announced not ready. The Court proceeded to hear evidence presented by

Petitioner's and *Respondent's* respective counsel.

(Emphasis added). Every reasonable presumption will be indulged to sustain a judgment and nothing will be presumed against it; all prior requisites to the rendition of a judgment will be presumed to have been fulfilled and the recitals in a judgment will be presumed to state the truth. *Miller v. Hood,* 536 S.W.2d 278, 285 (Tex.Civ.App.— Corpus Christi 1976, writ ref'd n.r.e.). Thus, we know that the case came on for trial on January 13, 1986, that the State Bar announced "ready," that Thompson shortly thereafter appeared and objected to the assignment of the trial judge and moved for a continuance, that the trial court overruled the motion for continuance, that Thompson announced "not ready" and that the court proceeded to hear evidence presented by the State Bar's counsel *and by Thompson's counsel.*

■ By reference to the emphasized portion of the quotation from the trial court's judgment, the reader will note that Thompson was represented by counsel at trial on the merits. Indeed, the record further tells us that the trial court did not permit Thompson's attorney to withdraw as of the date of trial on the merits. The transcript contains the following order signed by Judge Blackburn:

After due consideration of the Motion to Withdraw of WAYNE H. PARIS, the Court is of the opinion and so ORDERS that the same is GRANTED/DENIED.

SIGNED this the 13th day of January, 1986.

"Granted/Denied" is not "granted." We conclude, therefore, that the record contains no evidence that the trial court permitted Thompson's attorney to withdraw as of the date of trial on the merits and contains no trial court order permitting Thompson's attorney to withdraw as of the date of trial. Instead, the record contains a statement found in the trial court's judgment indicating that Thompson was represented by counsel in the trial on the merits. Consequently, we must conclude that the trial court did not permit Thompson's attorney to withdraw as of the date of trial on

the merits. Therefore, we conclude further that no trial court error as assigned in Thompson's first point of error has been shown. We overrule Thompson's first point of error.

In his second point of error, Thompson contends that the trial court erred in that the trial judge, who was a retired visiting judge, refused to disqualify himself upon being peremptorily challenged. Thompson argues that the trial judge was disqualified by reason of a timely objection to his assignment made pursuant to article 200a–1, § 4.013(b) of the Texas Revised Civil Statutes. An objection to assignment under article 200a–1, § 4.013(b) must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside. TEX.REV.CIV.STAT. ANN. art. 200a–1, § 4.013(c) (Vernon Supp. 1987). Trial on the merits in the present case began on January 13, 1986, and judgment was rendered on January 27, 1986. As to the objection to the assignment referred to in the judgment, the transcript does not contain any objection to the assignment filed on or prior to January 13, 1986. The transcript does contain an objection to the assignment filed March 18, 1986.

■ Presuming, however, that the judgment states the truth, we treat the record as showing that Thompson filed an objection to assignment on January 13, 1986, as recited in the judgment. *Miller,* 536 S.W.2d at 285. Nevertheless, we conclude that such objection was untimely. We reach this conclusion because the assigned judge had called the case to trial on the merits before the objection was filed on January 13, 1986. (Certainly, trial on the merits had concluded before the March 18, 1986 objection was filed.) We hold, therefore, that under article 200a–1, §§ 4.013(b) and (c) the objection must be filed before the time that a judge assigned pursuant to the Court Administration Act, article 200a–1 et seq. of the Texas Revised Civil Statutes, has first called the case to trial on the merits. We reason that once a judge assigned under the Act has first called a case to trial on the merits all of the time period "before the first hearing or trial"

has elapsed. Thus, we conclude that no error occurred in the trial court for the reason that the retired, visiting judge sitting on the trial court did not disqualify himself from hearing the case. We overrule Thompson's second point of error.

In light of our disposition of this appeal, we do not reach the question of whether any hearing held on Thompson's motion for continuance during the week previous to January 13, 1986, constituted a hearing or pretrial hearing within the meaning of article 200a–1, § 4.013(c). Moreover, because of the state of the record in the present case, we express no opinion as to the consequence of lack of notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge. However, we direct all concerned to the Act's requirement that "[w]hen a judge is assigned under this Act the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge." Article 200a–1, § 4.013(a).

Affirmed.