**Thomas Jefferson CURTIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–00077–CV.**

Court of Appeals of Texas,
Dallas.

Dec. 22, 1988.

---

**9.** Texas Rules of Appellate Procedure Rule 85 directs an appellate court to suggest a remittitur when it concludes that the trial court erred in failing to suggest a remittitur and that the cause should be reversed "for that reason only." We

recognize that our grant of a remittitur does not fall squarely within the mandate of this rule unless our holding with respect to appellants' obligation to pay damages and attorney fees to appellees can be considered separately from our

Raymond A. Desmone, Irving, for appellant.

Timothy B. Couch, Asst. Dist. Atty., Dallas, for appellee.

Before WHITHAM, BAKER and KINKEADE, JJ.

BAKER, Justice.

Thomas Jefferson Curtis appeals from an order of transfer to a criminal district court for trial as an adult. Curtis contends that the trial court erred in hearing the State's transfer motion because the assigned judge was disqualified due to a timely objection filed pursuant to section 74.053 of the Texas Government Code. We agree and reverse the transfer order.

The applicable statutory provision states:

(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or in part by the assigned judge.

(b) If a party to a civil case files a timely objection to the assignment, the judge is disqualified to hear the case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

TEX.GOV'T CODE ANN. § 74.053 (Vernon 1988). In applying the statutory predecessor now codified in the Texas Government Code, this Court held that an objection to an assigned judge must be filed before the judge has called the case to trial on the merits. *Thompson v. State Bar of Texas,* 728 S.W.2d 854, 855 (Tex.App.—Dallas 1987, no writ).

There is no statement of facts. Appellant's objection to assigned judge bears a November 24, 1987, file mark. The transcript indicates that the hearing on the State's motion to transfer was held on November 24, 1987.

Appellant's brief states that on the date the transfer motion was scheduled for hearing, and prior to the case being called for trial and before the first hearing or trial over which the assigned judge was to preside, he filed his objection to the assigned judge. Appellant's brief also states that the trial court overruled the objection and then proceeded to hear the case. Unless these statements are challenged by the State, then this Court may accept the appellant's statements as true. TEX.R. APP.P. 74(f). Not only did the State's brief not challenge the appellant's statements, but the State in its brief states that "appellant, on November 24, 1987, filed an objection to the assigned judge. The assigned judge denied appellant's objection, the parties announced 'ready,' and the case was heard." Accordingly, the State in its brief has actually corroborated the appellant's statements.

We read the State's brief to agree that the objection to the assigned judge was filed before the judge called the case for hearing. Once a party files a timely objection, the disqualification of an assigned judge is mandatory. TEX.GOV'T CODE

ANN. § 74.053(b). A judgment rendered by a disqualified judge is a nullity. *See Lee v. State*, 555 S.W.2d 121, 124 (Tex. Crim.App.1977).

We sustain appellant's point of error, reverse the order of transfer, and remand to the trial court for further proceedings.