David LEWIS, Relator,

v.

Snowden LEFTWICH, Judge Presiding, 68th Judicial District Court of Dallas County, Texas, Respondent.

No. 05–89–00743–CV.

Court of Appeals of Texas, Dallas.

Aug. 14, 1989.

Michael J. Langley, Dallas, for relator. Jack D. Sides, Dallas, for respondent.

Before McCLUNG, ROWE and WHITTINGTON, JJ.

McCLUNG, Justice.

Relator David Lewis seeks a writ of mandamus to compel the Honorable Snowden Leftwich, a senior district judge, retired, and assigned to preside over litigation in which Lewis is a party, to disqualify himself. We hold that the assigned judge is disqualified and that the assigned judge's order of dismissal is void. The case is returned to the trial court for further proceedings consistent with this opinion.

Lewis's suit against Marmon Motor Company was docketed in the 68th Judicial District Court of Dallas County, Texas. On June 5, 1989, the court coordinator for the 68th Court telephoned counsel to advise them that the case was called for trial on the next day, June 6, at 1:00 p.m., and that Judge Leftwich would be presiding as an assigned judge. On June 6, Lewis filed an objection to Judge Leftwich's assignment, pursuant to section 74.053(c) of the Texas Government Code. He brought the objection to the clerk's office, but had to wait until the clerk returned from lunch to file it. He tendered the objection to the clerk for filing shortly after 1:00 p.m. and arrived a little late to the 68th Court. When he arrived, Judge Leftwich called counsel

into chambers to determine whether both sides were ready for trial. Lewis then informed Judge Leftwich that he had just filed an objection to Judge Leftwich's assignment. Lewis asked that Judge Leftwich take the bench, so that a formal record could be made of his objection. Judge Leftwich did so, and, immediately after calling out the style of the case, asked to see the objection. Marmon argued that the objection was not timely and did not operate to disqualify Judge Leftwich. Judge Leftwich agreed and told the parties to proceed to trial. Lewis refused and, because he refused, Judge Leftwich dismissed his cause of action for want of prosecution. He entered a formal order doing so on June 8, 1989.

The sole issue in this case is whether Lewis's objection was timely. Section 74.053(c) of the Texas Government Code provides that an objection is timely when it is "filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside." TEX.GOV'T CODE ANN. § 74.053(c) (Vernon 1988). There is no dispute that Lewis tendered his objection to the trial court clerk before he appeared before Judge Leftwich. A document is "filed" when it is tendered to the clerk. *Arndt v. Arndt,* 709 S.W.2d 281, 282 (Tex.App.—Houston [14th Dist.] 1986, no writ). The legal effect of filing a document remains the same whether the judge presiding over the litigation is aware of its filing or not. *Cf. Davis v. Jeffries,* 764 S.W.2d 559, 560 (Tex.1989) (per curiam) (it is error for a trial court to grant a default judgment after an answer has been filed, even if the trial court is unaware that it has been filed).

In *Curtis v. State,* 762 S.W.2d 958, 959 (Tex.App.—Dallas 1988, no writ), a defendant filed an objection to an assigned judge on the morning of the day on which the case was to be tried. In *Curtis,* we concluded that the objection was filed "before the judge called the case for hearing" and that it was therefore timely. *Curtis,* 762 S.W.2d at 959. In this case, Marmon argues first that the court coordinator's telephone call occurred before Lewis filed

his objection, so that the case was called for trial before Lewis's objection. We hold that the court coordinator's telephone call is without significance. Such a telephone call simply advises the parties that a case is tentatively set for trial; it is notice that a case is being called *for* trial. It is not the same thing, however, as a case being called *to* trial by a judge who has taken the bench. In *Curtis,* it is clear that the defendant knew in advance that the trial was set for the day on which the defendant filed his objection to the assigned judge. Nonetheless, his awareness that the trial was scheduled for that day did not make his objection untimely. *Id.*

Marmon relies upon *Thompson v. State Bar of Texas,* 728 S.W.2d 854 (Tex.App.—Dallas 1987, no writ). In *Thompson,* we held that an objection to an assigned judge was not timely because it was made after the assigned judge "ha[d] first called the case *to* trial on the merits." *Thompson,* 728 S.W.2d at 855 (emphasis added). Because the assigned judge had called the case to trial, we reasoned that "all of the time period 'before the first hearing or trial' ha[d] elapsed." *Thompson,* 728 S.W.2d at 855–56.

Yet the judgment in *Thompson* recited that the appellant's objection to the assigned judge was made only after the assigned judge had actually taken the bench to call the case to trial and, in fact, after the appellant had previously sought a continuance from the same assigned judge. The judgment recited that:

On January 13, 1986, the Court, Honorable Marvin Blackburn, Jr., retired, of Junction, Texas, sitting, called the above-styled and numbered disciplinary action to trial. Petitioner, the Grievance Committee for State Bar District No. 6, State Bar of Texas, appeared by counsel and announced ready. *Respondent, WORDY JACK THOMPSON, JR., did not appear at this time.* Respondent shortly thereafter appeared and filed his Objection to Assigned Judge and Defendant's Motion for Continuance. The Court overruled Respondent's Objection to Assigned Judge, finding that Respon-

dent had asked the Court for a continuance during the previous week....

*Thompson,* 728 S.W.2d at 854 (emphasis added). It is thus clear that, in *Thompson,* the assigned judge had already taken the bench and that one party had already appeared before that judge and that the trial had begun. The party that appeared had announced ready, but the appellant failed to appear until the trial proceedings themselves were well under way. It is also clear that, in *Thompson,* the appellant attempted to make an objection to the assigned judge only after some relief had been sought from the assigned judge, that is, a continuance requested the previous week. Clearly, the appellant's objection was untimely in *Thompson.*

In this case there were no pretrial hearings of any sort. The only event that occurred before Lewis filed his objection was the court coordinator's telephone call. Lewis filed his objection with the clerk and then appeared in Judge Leftwich's chambers and orally made his objection known to Judge Leftwich. The parties then went into open court to make a record of that proceeding. Lewis brought that record before this Court, and Marmon does not complain that it is incomplete. The statement of facts from that proceeding begins:

> THE COURT: All right. This is in David Lewis vs. Marmon Motor Company.
>
> Counsel, where is that motion?
>
> MR. LANGLEY [Lewis's attorney]: It's an objection, Your Honor. The original is with the clerk. Here is a copy of it.
>
> THE COURT: Okay. All right, sir, we will hear your Objection to the Assigned Judge.
>
> MR. LANGLEY: May it please the Court, now comes the plaintiff [Lewis] by and through it's [*sic*] attorney of record, Michael L. Langley, and reasserts his Objection to Assigned Judge pursuant to Section 74.053 of the Texas Government Code....

Thus, Judge Leftwich was presented with Lewis's objection before he, himself, presided over any portion of the trial proceeding.

■ We hold that an objection to an assigned judge is timely, under section 74.053(c) of the Texas Government Code, if it is made before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial. A party is permitted only one objection to an assigned judge. Act of June 17, 1987, ch. 505, § 1, 1987 Tex.Gen.Laws 2118. Yet this right to object to an assigned judge should not be wasted on the basis of a court coordinator's telephone call or even of an informal pretrial conference in chambers. Only when an assigned judge has actually taken the bench and called the case *to* trial as a matter of record, is it clear that, in fact, that judge will hear that trial. Only then can a party planning to object to that assigned judge be sure that his objection will be effective.

*Thompson* is distinguishable. In *Thompson,* the judgment made it clear that the assigned judge, Judge Blackburn, had already taken the bench and called the case to trial before the objection was filed. *Thompson,* 728 S.W.2d at 854. In this case, the statement of facts makes it clear that the objection was filed and Judge Leftwich knew of Lewis's objection *before* he actually took the bench.

■ Marmon argues that, if a trial must be underway before an objection to an assigned judge is considered untimely, then an assigned judge might go through the entire voir dire process, only to find that a party objected to his assignment just before the jury empanelment. We do not reach that question today, however, because Lewis made his objection in this case before any voir dire process took place. We hold only that an objection to an assigned judge is timely if it is filed before the judge takes the bench and calls a case to hearing or to trial; we express no opinion today on whether an objection would be timely if filed after voir dire. Marmon also argues that whether Lewis's objection was timely requires the resolution of a factual issue best left to the discretion of the trial court judge. We disagree. We hold that an objection to an assigned judge is timely, as a matter of law, if it is made before the

assigned judge takes the bench to preside over any hearing, including pretrial hearings, or trial over which he is assigned to preside. *See* TEX.GOV'T CODE ANN. § 74.053(c) (Vernon 1988).

■ Marmon finally argues that, in any case, Lewis should first exhaust his remedy by appeal. We recognize that mandamus generally will not lie when there is an adequate remedy on appeal. There is one exception, however: when a trial court's action, as a matter of law, is void. *See Owest Microwave, Inc., v. Bedard,* 756 S.W.2d 426, 430–34 (Tex.App.—Dallas 1988, orig. proceeding); *Eagle Signal Corp. v. Wittig,* 766 S.W.2d 390, 392 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding). In *Curtis,* we expressly held that any judgment entered by a disqualified judge is a "nullity." 762 S.W.2d at 960. We conclude that Lewis has shown his entitlement to mandamus relief.

We hold that once a party files a timely objection to an assigned judge pursuant to section 74.053(c) of the Texas Government Code, the judge is automatically disqualified as a matter of law. TEX.GOV'T CODE ANN. § 74.053(b). Any judgment or order entered by the disqualified judge is a nullity. *Curtis,* 762 S.W.2d at 959–60. We therefore grant Lewis a writ of mandamus to the extent that the order of dismissal is declared void and the case is reinstated in the trial court for further proceedings consistent with this opinion.