Ronald and Mary **KELLOGG, Relators,**

v.

Honorable William C. **MARTIN, III,** Visiting **Judge, 307th Family District Court of Gregg County, Texas, Respondent.**

No. 6–91–028–CV.

Court of Appeals of Texas, Texarkana.

May 29, 1991.

Beverly Bass, Longview, for real party in interest—Jani Kellogg.

Kris King, Longview, for real party in interest—Rhonda Kellogg Jackson.

Rob Foster, Longview, for relator.

Gwen Loden, Asst. Crim. Dist. Atty., Longview, for Texas Dept. of Human Services and Judge Wm. Martin, III.

PER CURIAM.

Relators seek a writ of mandamus ordering respondent, the Honorable William C. Martin, III, to revoke and vacate all orders issued by him in Cause No. 91–711–DR, styled "In the Interest of Jani Suzanne Kellogg, a Minor."

The basis for relators' claims for relief is that Judge Martin was not authorized to act in the referenced cause because relators objected, pursuant to the provisions of TEX.GOV'T CODE ANN. § 74.053(b), (c) (Vernon Supp.1991), to his assignment as visiting judge.

The Department of Human Services filed the referenced cause on April 1, 1991. The proceeding sought protection and possession of Jani Suzanne Kellogg, as well as termination of parental rights to her. The suit was based on allegations that Jani, who was then living with relators, her grandparents, was being subjected to sexual abuse. On the same date that the Department of Human Services filed its suit, relators filed suit in the same court seeking possession of Jani and contending that they had standing because they had had physical possession of Jani for more than six months. TEX.FAM.CODE ANN. § 11.03(a)(8) (Vernon Supp.1991). Relators also answered and filed a cross-action in the Department of Human Services suit and moved to consolidate that suit with their suit for possession of Jani.

The Department of Human Services, contending that Jani was in immediate danger, removed her from relators' home under the authority of TEX.FAM.CODE ANN. § 17.03 (Vernon 1986 & Supp.1991). Pursuant to TEX.FAM.CODE ANN. § 17.03(c), an initial "three-day rule" hearing was held on April 1, 1991. Judge Robin Sage, judge of the 307th Family District Court where these matters had been filed, recused herself, and Judge Alvin Khoury conducted the hearing pursuant to an exchange of bench order. Judge Khoury set the ten-day adversarial hearing required by TEX.FAM.CODE ANN. §§ 17.03(f), 17.04 (Vernon 1986 & Supp.1991) for April 8, 1991. Judge Khoury, however, informed counsel and the parties that he could not continue to act in the matter because of other commitments and that a visiting judge would be assigned. An informal discussion followed in which two or more judges were mentioned as possible visiting judges to hear the proceedings. Rob Foster, counsel for relators, orally stated that he did not want the judges who had been mentioned, but that he would take "the next one in line."

Parties and counsel met again with Judge Khoury on April 8. Relators' counsel reiterated his objection to several judges mentioned as visiting judges. An agreed order postponing the ten-day adversarial hearing to April 12 was presented to Judge Khoury, but he stated that he could not sign it because he understood that Judge Martin had been assigned to hear the case. Relators did not join in the agreed order, and their counsel orally objected to Judge Martin's hearing the case. Judge Khoury advised Foster that he had already used his one objection allowed by

TEX.GOV'T CODE ANN. § 74.053(b), and thus could not also object to Judge Martin.

After the April 8 hearing, an order was sent by facsimile machine to Judge Martin, who was out of town at the time. The order stated that by agreement the adversarial ten-day hearing was postponed and reset for April 12. Judge Martin signed the order at 10:20 a.m. on April 8. At 11:00 on the same day, relators' counsel filed a written objection to Judge Martin pursuant to Section 74.053 of the Government Code.

On April 12, Judge Martin took the bench and called the case to a hearing. Relators' counsel orally reurged his objection to Judge Martin, but the judge concluded that relators' objection had already been used. Judge Martin then, on motion of the Department of Human Services and the attorney ad litem for Jani, signed a temporary order appointing the Department as temporary managing conservator of the child and ordering that Jani remain in the foster home where the Department had placed her pending further orders of the court.

Relators contend that Judge Martin's actions are voidable because they had properly objected to him pursuant to the provisions of the Government Code.

TEX.GOV'T CODE ANN. § 74.053 provides that:

> (a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party....
>
> (b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Each party ... is only entitled to one objection under this subsection for that case.
>
> (c) An objection ... must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

The transcript contains an order of the presiding judge for the First Administrative District assigning Judge Martin to the case. It is dated April 9, 1991, and provides that Judge Martin was assigned to the 307th Family District Court for "one day beginning the 12th day of April, 1991," and afterwards for as long as necessary to complete the case. Judge Martin signed his first order in these proceedings on *April 8,* although he did not take the bench and call a hearing until April 12. There is also contained in the transcript an order signed by the presiding judge of the First Administrative District on February 4, 1991, providing that Judge Martin is assigned to the 307th Family District Court beginning January 15, 1991, and continuing afterwards as long as necessary for him to complete any case "begun during this period." That order further states that "[t]his assignment is for any matters designated by Judge Robin Sage."

Whether it be considered that Judge Martin was assigned to the referenced matter on April 9, the date of the specific assignment order, or on a continuing assignment under the blanket order of February 4, 1991, relators were not officially notified of his assignment, nor did he take the bench and call the matter to a hearing, until April 12. At that time, relators had a written objection to Judge Martin on file.

■ An objection under Section 74.053 is timely if it is made before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial. *Brown v. Mulanax,* 808 S.W.2d 718 (Tex. App.–Tyler, 1991) (original proceeding); *Lewis v. Leftwich,* 775 S.W.2d 848 (Tex. App.—Dallas 1989) (original proceeding); *Curtis v. State,* 762 S.W.2d 958 (Tex.App. —Dallas 1988, no pet.).

■ The respondent and the real parties in interest contend that the oral objections by relators' counsel to several judges discussed as potential visiting judges in the case constituted an objection under Section 74.053, and thus he had exhausted his one allowed objection before he filed his written objection to Judge Martin. There are several reasons why we think this is incorrect. No judge had been specifically assigned to the case when the oral objections were made. An objection is required only when "a judge is assigned under this chapter." TEX.GOV'T CODE ANN. § 74.053(a).

The initial oral "objections" were not to any judge who was ever assigned. Finally, the statute presupposes that the objection shall be in writing. The use of the words "files" and "filed" in the statute seem to indicate that the objection must be in writing, and we so hold. Also, a party is not required to use his legal objection in response to informal discussions or even pre-trial conferences. *Lewis v. Leftwich, supra.*

■ Respondent and the real parties in interest also argue that the relators have no standing to object, since they are not parties to the underlying proceedings. They point out that the Department of Human Services amended its pleadings and omitted relators as parties before relators filed their cross-action. The record shows that the amended petition and relators' cross-action were filed on the same day, but the amended petition was prior to the cross-action by one hour. However, relators also moved to consolidate the independent suit which they had previously filed for possession of Jani with the Department of Human Services suit. Although no written order of consolidation appears in the record, Judge Martin recognized at the April 12 hearing that relators, because they had had possession of the child for more than six months, had standing under TEX. FAM.CODE ANN. § 11.03(a)(8), and he orally indicated at the hearing that the causes were consolidated. We therefore hold that relators were parties and had standing to make an objection under Section 74.053.

As relators properly and timely objected to the assignment of Judge Martin to the case, he was unauthorized to act and has the clear ministerial duty to vacate all orders heretofore issued. *Brown v. Mulanax, supra; Lewis v. Leftwich, supra.* As we believe that Judge Martin will voluntarily vacate his orders, the writ will not issue unless he fails to do so.

It is so ordered.