**In re Mark CUBAN, Relator.**

No. 05–99–02186–CV.

Court of Appeals of Texas, Dallas.

Feb. 16, 2000.

Steven H. Stodghill, Dallas, for Relator.

Lawrence J. Friedman, Dallas, for Real Parties in Interest.

Before Justices OVARD, JAMES, and ROACH.

### OPINION AND ORDER

Opinion By Justice ROACH.

Relator Mark Cuban contends the assigned visiting judge erred in continuing to preside over a case after Cuban filed an objection to the assignment under chapter 74 of the Texas Government Code. We agree. Accordingly, we conditionally grant the writ. *See In re Perritt,* 992 S.W.2d 444, 446 (Tex.1999) (orig.proceeding).

Judge Leonard Hoffman, a visiting judge assigned under chapter 74 of the Texas Government Code to sit for the elected judge of County Court at Law No. 2, signed a temporary restraining order in the underlying case on December 22, 1999. The order set a hearing on an application for temporary injunction for January 5, 2000, and required the "defendants and their counsel to appear before the undersigned judge ... on December 27, 1999."

The Dallas County Clerk's Office was closed for the Christmas holiday on December 23 and 24, 1999. Cuban filed an objection to Judge Hoffman and a motion to dissolve the temporary restraining order with Dallas County Court at Law No. 3 Judge Bob Jenevein on December 23, 1999. The copies of the motion to dissolve and the objection to Judge Hoffman contained in the record before us have the handwritten notation "Filed 12/23/99 @ 1:15 pm ⎯ [an illegible signature]."

Judge Jenevein held a hearing on the objection and motion to dissolve on December 23, 1999. Judge Jenevein acknowledged receipt of the objection to Judge Hoffman on the record and purported to orally grant it. Judge Jenevein also signed an order purporting to dissolve the temporary restraining order on December 23, 1999.

Cuban filed a second objection to Judge Hoffman at the hearing on December 27, 1999 hearing. The objection is file-marked "99 DEC 27 AM 9:33." Throughout the hearing, counsel for Cuban reiterated that he was not waiving his objection to Judge Hoffman. He argued that the objection was properly filed on December 23 rd with Judge Jenevein, and that Judge Jenevein had a copy of the objection. Counsel read from the reporter's record of the December 23 rd hearing wherein Judge Jenevein acknowledged receipt of a copy of the objection and orally granted it.

Judge Hoffman refused to recognize the filing of the chapter 74 objection with Judge Jenevein because he did not have a copy of it at the bench and the filing of the objection with Judge Jenevein was a nullity since the objection has to be given to the judge objected to. Further, Judge Hoffman also refused to recognize the objection presented to Judge Jenevein because there was no written order granting it. Judge Hoffman also found that the objection filed December 27 th at 9:33 a.m. was untimely because he took the bench at 9:30. Further, Judge Hoffman refused to recognize either objection because neither was presented to him before he took the bench. Judge Hoffman orally ruled that the December 27 th objection was waived because it was untimely filed.

## CHAPTER 74

■ Chapter 74 of the Texas Government Code provides that parties may object to judges assigned under that chapter by filing an objection. Section 74.053 specifically provides that:

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

TEX. GOV'T CODE ANN. § 74.053(b) and (c) (Vernon 1998). If an objection to a visiting judge is timely filed, disqualification is mandatory and any orders entered after that time are void. See *Rubin v. Hoffman,* 843 S.W.2d 658, 659 (Tex.App.-Dallas 1992, orig. proceeding); *Lewis v. Leftwich,* 775 S.W.2d 848, 851 (Tex.App.-Dallas 1989, orig. proceeding).

## DECEMBER 23 rd OBJECTION

■ Cuban asserts he properly and timely filed his objection to Judge Hoffman by filing the objection with Judge Jenevein on December 23, 1999. Cuban asserts that this filing was proper under Dallas County Local Rule 2.01 and Texas Rule of Civil Procedure 74. *See* TEX.R. CIV. P. 74; DALLAS (TEX.) CIV.CT. LOC. R. 2.01. Real party in interest argued below:

(1) Judge Jenevein had no authority to accept the objection so it was not filed with him; (2) all actions by Judge Jenevein are void because the case was not pending in his court, therefore he had no authority to act; (3) by proceeding with a hearing before Judge Jenevein, Cuban waived his right to object to Judge Hoffman; and (4) Cuban waived the objection by not giving it to Judge Hoffman before he took the bench.

A judge may accept a document for filing. *See* Tex.R. Civ. P. 74. The judge is to note the date and time on the document and forward it to the clerk's office. *Id.* The clerk's office was closed on December 23, 1999. The copy of the objection contained in the record before this Court shows the date and time Judge Jenevein accepted it. Further, the reporter's record clearly shows that Judge Jenevein accepted the objection for filing. We conclude Cuban's filing of the objection with Judge Jenevein when the clerk's office was closed was an appropriate method for filing the document, and the document was filed of record on December 23, 1999.

■ We need not determine if Judge Jenevein had authority to act on the motion to dissolve the temporary restraining order because neither the temporary restraining order nor Judge Jenevein's order purporting to dissolve it is before this Court for review. Judge Jenevein's action in orally granting the objection is of no consequence. The objection need only be filed to be effective; it need not be formally sustained. As soon as the objection was filed, Judge Hoffman had no further authority to act or preside in the underlying case.

Chapter 74 requires that the objection be filed before the visiting judge takes the bench for action in the case. The first hearing before Judge Hoffman was ex parte. Cuban cannot be held to have waived his objection to Judge Hoffman because Cuban did not file it before a hearing was conducted without notice to him. To hold otherwise would render meaningless the right to object. We conclude Cuban did not waive his objection by not filing it before the ex parte hearing.

■ We also reject the argument Cuban waived his right to object to Judge Hoffman by appearing before Judge Jenevein. Cuban has not objected to Judge Jenevein and appearing before Judge Jenevein is not inconsistent with maintaining his objection to Judge Hoffman. We cannot conclude the proceeding before Judge Jenevein constituted a waiver of Cuban's right to object to Judge Hoffman.

■ Finally, we fail to find any requirement in chapter 74 that the objection be given to the objected-to judge for it to be effective. This Court has expressly held to the contrary. *See Lewis,* 775 S.W.2d at 849. Cuban's counsel advised Judge Hoffman of the objection at his first opportunity. Judge Hoffman's statements indicate he was already aware of the objection. Chapter 74 does not require Cuban to take any more steps to have his objection become effective. We conclude the December 23, 1999 objection to Judge Hoffman was properly and timely filed with Judge Jenevein, and Judge Hoffman was without authority to take further action in the case after the filing of the objection on December 23, 1999.

### DECEMBER 27th OBJECTION

We need not determine if the December 27, 1999 objection was timely filed because we have already concluded the December 23, 1999 objection removed Judge Hoffman from the case.

### CONCLUSION

A party aggrieved by a ruling on an objection under chapter 74 is entitled to relief by mandamus upon showing a timely objection was made without having to show he has no adequate remedy at law. *See Lewis,* 775 S.W.2d at 851. We conclude Cuban's objection was timely filed and Judge Hoffman clearly abused his dis-

cretion in finding the objection untimely and continuing to preside in the case. Accordingly, we **CONDITIONALLY GRANT** the writ, and determine that all orders signed by Judge Hoffman after December 23, 1999 in the underlying case are void. The writ will issue only if Judge Hoffman purports to preside over the underlying case at any time in the future. *See Hoggard v. Snodgrass,* 770 S.W.2d 577, 588 (Tex.App.-Dallas 1989, orig. proceeding).