**In re Approximately $17,239.00, Relator.**

### No. 14–03–01177–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 24, 2003.

Ernest O. Hopmann, III, Houston, for relator.

Karen L. Morris, Houston, for respondent.

Panel consists of Justices YATES, HUDSON, and FOWLER.

### OPINION

PER CURIAM.

On October 21, 2003, relator filed a petition for writ of mandamus in this Court. *See* TEX. GOV'T. CODE ANN. § 22.221 (Vernon Supp.2003); *see also* TEX. R. APP. P. 52. On October 22, 2003, relator filed an emergency motion to stay the underlying proceedings. We deny relief.

On September 22, 2003, relator filed an objection under Government Code section

74.053 to the judge assigned to the 127th District Court, Judge P.K. Reiter. On September 29, 2003, the parties appeared for a hearing, over which Judge Reiter presided, concerning a motion to compel and for discovery sanctions filed by the real party in interest. After both sides had been heard concerning the motion to compel, but before the judge ruled, relator first mentioned the objection filed on September 22, 2003. The judge was unaware of the objection, but after some discussion, the judge denied it, finding it was not timely filed.

■ Relator filed a petition for mandamus relief claiming that Judge Reiter should not hear the case because relator's objection was timely filed and immediately effective. Relator further asserts that, because the objection was timely, any subsequent orders entered by Judge Reiter are void.

■ The Legislature recently amended section 74.053 and these changes, effective September 1, 2003, apply to this case. Act of May 27, 2003, 78th Leg., R.S., ch. 315, § 23, 2003 Tex. Sess. Law Serv. 1342 (amendments apply to cases pending or commenced on or after September 1, 2003). The amended statute continues to allow parties to object to assigned judges by filing a timely objection. Act of May 27, 2003, 78th Leg., R.S., ch. 315, § 10, 2003 Tex. Sess. Law Serv. 1338 (Tex. Govt. Code Ann. § 74.053(b)). But, significant changes were made to the section defining when an objection is timely. Under the amended statute, an objection is timely if filed "not later than the seventh day after the date the party receives actual notice of the assignment or before the date the first hearing or trial, including pretrial hearings, commences, whichever date occurs earlier." Id. at § 10 (amended version of Tex. Govt. Code Ann § 74.053(c)). If a timely objection is filed, the assigned judge

shall not hear the case. Id. at § 10 (section 74.053(b)). When an assigned judge overrules a timely objection to his assignment, all of the judge's subsequent orders are void and the objecting party is entitled to mandamus relief. In re Canales, 52 S.W.3d 698, 701 (Tex.2001).

Case law has held that a timely filed objection is effective upon filing, if filed before the trial judge takes the bench to preside over any hearing, see, e.g., Lewis v. Leftwich, 775 S.W.2d 848, 850–51 (Tex. App.-Dallas 1989, orig. proceeding), and relator relies on these cases for his claim that his objection should have been found effective as it was filed before the first hearing. However, we find the cases cited by relator distinguishable. In the cases cited, the judge became aware of the objection either before the hearing commenced or was advised by the parties at the commencement of the hearing. See Lewis, 775 S.W.2d at 849(party filed objection before trial and advised judge of objection as first matter at trial); In re Cuban, 24 S.W.3d 381, 383 (Tex.App.-Dallas 2000, orig. proceeding)(objection filed before trial and party stated his objection when judge took the bench for trial).

In the case before us, relator filed his objection seven days before the first hearing, but appeared at the hearing and did not mention the objection to the judge at the commencement of the hearing. After the hearing had been underway for some time, but before the judge ruled on the motion to compel, relator finally mentioned the objection. The judge's reaction reveals that he was unaware of the objection.

■ An objection to an assigned judge may be waived if a party proceeds to trial without first presenting its objection to the judge. Chandler v. Chandler, 991 S.W.2d 367, 383 (Tex.App.-El Paso 1999, pet. denied); Tex. Employment Comm'n v. Alva-

*rez*, 915 S.W.2d 161, 166 (Tex.App.-Corpus Christi 1996, orig. proceeding). Although these cases are distinguishable in that no objection was filed before commencement of trial or a hearing, we believe the policy nevertheless applies here. In *Logic Sciences, Inc. v. Smith*, 798 S.W.2d 394 (Tex. App.-Houston [1st Dist.] 1990, orig. proceeding), the court said:

> To allow untimely objections such as this would encourage litigants to delay objections until they "get a feeling" for how a judge is going to rule in a case-a situation the statute is designed to prevent.

*Id.* at 395. This case presents a strikingly similar situation.

After relator finally advised Judge Reiter of the objection, Judge Reiter expressed his concern that relator had not brought the objection to the court's attention until the end of the hearing, and after relator thought the ruling on the motion to compel might go against him.

Relator's objection was filed with the district clerk in a timely fashion, and, if the judge had been aware of the objection, he could not have presided over the hearing. Once relator appeared at the hearing and found that Judge Reiter was presiding, relator should have advised the judge of the objection immediately after the case was called for hearing. By failing to do so, and by allowing Judge Reiter to hear argument on real party's motion to compel, we find that relator waived his objection.

Having found that relator waived his objection to Judge Reiter, relator is not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus and motion for emergency stay.