# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00160-CV

---

**Juan A. Martin-de-Nicolas, Appellant**

**v.**

**Mark Octaviano and Victorio Tostado, Appellees**

---

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-007225, THE HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Juan A. Martin-de-Nicolas appeals from the trial court's orders granting motions for summary judgment filed by Mark Octaviano and Victorio Tostado and ordering that Martin-de-Nicolas take nothing on his claims for negligence arising out of a motor vehicle accident.  We will affirm.

## BACKGROUND

Martin-de-Nicolas, Octaviano, and Joaquin Aguerre were involved in a three-car collision on January 23, 2016.  On January 24, 2018, Martin-de-Nicolas filed his original petition alleging that Octaviano's and Aguerre's negligence caused the collision.  Martin-de-Nicolas also sued Tostado on a negligent entrustment theory, alleging that Tostado owned the vehicle Aguerre was driving and was negligent in entrusting it to Aguerre, an unlicensed driver.  Octaviano and Tostado each moved for summary judgment on the affirmative defense of limitations, arguing

that the suit was time-barred under the two-year statute of limitations applicable to negligence actions. *See* Tex. Civ. Prac. & Rem. Code § 16.003. The motions for summary judgment filed by Octaviano and Tostado were, in almost every respect, identical. After a hearing, the trial court granted both summary-judgment motions. The court then signed an order severing Martin-de-Nicolas's claims against Octaviano and Tostado from the remaining claims, making the summary-judgment orders final and appealable. Martin-de-Nicolas perfected this appeal.

## DISCUSSION

In his first issue, Martin-de-Nicolas contends that he did not receive notice of the hearing on Octaviano's motion for summary judgment. Martin-de-Nicolas asserts that "[c]ounsel for Octaviano merely showed up at the hearing set for Tostado's summary judgment motion on May 29, 2018, and the court saw fit to also grant Octaviano's summary judgment." A party moving for summary judgment must comply with the procedural requirements of Texas Rule of Civil Procedure 166a. *Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied). The non-movant is entitled to proper notice under the rule. *Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994). The failure to provide notice deprives the non-movant of the right to be heard, constitutes a denial of due process, and is grounds for reversal. *Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 383 (Tex. App.—Fort Worth 2005, pet. denied).

Rule 166a requires that both the motion for summary judgment and notice of the summary judgment hearing be served on the non-movant at least twenty-one days before the hearing date. Tex. R. Civ. P. 166a(c). Rule 166a does not mandate an oral hearing in all cases, *Gordon v. Ward*, 822 S.W.2d 90, 93 (Tex. App.—Houston [1st Dist.] 1991, writ denied),

2

therefore the primary purpose of the notice required by rule 166a(c) is to allow the non-movant to calculate the date by which he must file a written response or opposing affidavits. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.3d 357, 359 (Tex. 1998) (per curiam). On May 2, 2018, counsel for Tostado electronically filed a letter addressed to Martin-de-Nicolas that stated: "Please be advised that the hearing on Defendants' Motions for Summary Judgment has been set for <u>Tuesday May 29, 2018 at 2:00 pm</u> at Travis County District Court." Counsel for Octaviano was shown as a recipient of a copy of the letter. Martin-de-Nicolas does not contend that he did not receive this notice more than twenty-one days before the hearing date. Instead, Martin-de-Nicolas maintains that the notice did not apprise him that Octaviano's motion for summary judgment would be heard at the May 29 hearing as well as Tostado's.

Due process requires, at a minimum, notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Texas Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 363 (Tex. App.—Dallas 2009, pet. denied). Martin-de-Nicolas had both. The notice sent by Tostado's counsel plainly stated that "Defendant**s'** Motion**s** for Summary Judgment" had been set for hearing on May 29.[1] This provided Martin-de-Nicolas with notice that both motions for summary judgment would be considered on that date. Martin-de-Nicolas attended the May 29 hearing and had an opportunity to be heard at that hearing, which addressed Octaviano's and Tostado's limitations defense—the only issue raised by both motions for summary judgment. Martin-de-Nicolas filed a response to Tostado's motion that included argument relevant to the limitations defense. The record does not support Martin-de-Nicolas's assertion that he did not have notice that both motions for summary judgment

---

[1] Tostado's motion for summary judgment was filed on April 16, 2018, and Octaviano's nearly identical motion for summary judgment was filed on May 2, 2018—the same day the notice was sent to Martin-de-Nicolas.

would be heard at the May 29 hearing, and Martin-de-Nicolas has not demonstrated that his due process rights were otherwise violated. We overrule Martin-de-Nicolas's first issue.

In his second issue, Martin-de-Nicolas argues that the trial court erred in granting Octaviano's motion for summary judgment based on limitations because Octaviano failed to submit summary-judgment evidence demonstrating that he did not leave the State of Texas during the two years following the accident and, consequently, failed to negate the applicability of a tolling statute; specifically, Texas Civil Practice and Remedies Code section 16.063. *See* Tex. Civ. Prac. & Rem. Code § 16.063. This section provides: "The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." *Id.* It is undisputed that the statute of limitations for Martin-de-Nicolas's negligence claim is two years and that Martin-de-Nicolas filed his negligence suit more than two years after his claim had accrued. *See Medina v. Lopez-Roman*, 49 S.W.3d 393, 398 (Tex. App.—Austin 2000, pet. denied) (term "year" is defined as calendar year and court looks to date upon which event occurred and then looks to calendar to find same date, two years later, to determine expiration of limitations period). Martin-de-Nicolas contends that section 16.063 rendered his suit timely because Octaviano did not submit evidence establishing that he remained in the state each day for the two years following the date of the accident. Martin-de-Nicolas argues that Octaviano's absence from the state for just one day would render his suit timely pursuant to section 16.063.

As the party asserting the affirmative defense and the movant for summary judgment, Octaviano bore the burden to conclusively establish his statute-of-limitations defense as a matter of law. *Richardson v. Allstate Tex. Lloyd's*, 235 S.W.3d 863, 865 (Tex. App.—Dallas 2007, no pet.) (citing *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455 (Tex. 1969)).

4

This also includes the burden of negating the applicability of any tolling or suspension statute raised by the non-movant. *See Hargraves v. Armco Foods, Inc.*, 894 S.W.2d 546, 547 (Tex. App.—Austin 1995, no writ) (per curiam). Here, Octaviano asserts that section 16.063 did not toll limitations for any period of time he was outside of the State of Texas because that statute is concerned with amenability to service of process rather than with physical presence within the territorial limits of the state. Octaviano contends that because he was a resident of the State of Texas during the entire limitations period and subject to the personal jurisdiction of Texas courts, his out-of-state travel, if any, would not constitute "absence from this state" as that phrase has been interpreted by the Texas Supreme Court when construing section 16.063. We agree.

Under Texas Supreme Court cases, one who is subject to personal jurisdiction in Texas courts, and amenable to service of process, is not "absent" from the state for the purposes of section 16.063. In *Kerlin v. Sauceda*, 263 S.W.3d 920 (Tex. 2008), the Texas Supreme Court stated:

> [If] a nonresident is amenable to service of process under the longarm statute and has contacts with the state sufficient to afford personal jurisdiction . . . then we can discern no reason why a nonresident's "presence" in this state would not be established for purposes of the tolling statute.

*Id.* at 927. The court held that "the statute of limitations was not tolled because, under the general longarm statute, Kerlin was present in the state." *Id.* at 928. In *Ashley v. Hawkins*, 293 S.W.3d 175, 177 (Tex. 2009), the supreme court considered the question of "whether section 16.063 of the Texas Civil Practice and Remedies Code tolls the limitations period when a defendant leaves Texas following a motor vehicle collision but is otherwise amenable to out-of-state service." *See id.* The court concluded that "a defendant is 'present' in Texas, for purposes of the tolling statute, if he or she is amenable to service under the general longarm statute, as

5

long as the defendant has 'contacts with the state sufficient to afford personal jurisdiction.'" *Id.* at 179. The court held that section 16.063 did not toll the limitations period as to such a defendant. *Id.*

The holdings in *Kerlin* and *Ashley* apply to this case as well because Octaviano has not ceased to be a Texas resident since the cause of action accrued. Any intermittent excursions outside the territorial boundaries of Texas did not affect the ability of state courts to exercise personal jurisdiction over him since it is self-evident that "residence in a state is a valid basis for the exercise of in personam jurisdiction." *J.M.R. v. A.M.*, 683 S.W.2d 552, 557 (Tex. App.—Fort Worth 1985, writ ref'd n.r.e.). It is not disputed that Octaviano was at all times amenable to service of process. *See* Tex. R. Civ. P. 106, 108 (pursuant to these rules, it is not necessary that Texas resident be personally served within the state). Thus, under the reasoning of *Kerlin* and *Ashley*, Octaviano was not "absent" from Texas for the purposes of section 16.063 during the two years following the accident, and therefore section 16.063 did not toll the limitations period. We overrule Martin-de-Nicolas's second issue.

In his third issue, Martin-de-Nicolas contends that summary judgment was improperly granted in this case because Martin-de-Nicolas had made a written objection to the case being presided over by a visiting judge. Martin-de-Nicolas asserts that this objection was included in his "First Amended Original Petition," which he sent to the court by certified mail, return receipt requested, on May 22, 2018. At the end of the amended petition, Martin-de-Nicolas included the following objection: "Pursuant to Texas Government Code § 74.053, Plaintiff hereby objects to a visiting judge or associate judge being assigned to this case." The record indicates that the amended petition was file-stamped by the Travis County District Clerk on May 31, 2018, two days after the hearing on the motions for summary judgment during which

the judge signed the orders granting those motions. On appeal, Martin-de-Nicolas asserts that, because he included a section 74.053 objection in his amended petition, the presiding judge should have been removed from the case. *See* Tex. Gov't Code § 74.053.

Section 74.053 permits parties to object to a judge who has been assigned to preside over a trial and who is not the duly elected or appointed judge for that trial court. *Id.* In particular, the provision states that "[i]f a party to a civil case files a timely objection to the assignment, the judge shall not hear the case." *Id.* § 74.053(b). Martin-de-Nicolas's written objection was contained in a pleading that was not before the court at the time of the summary-judgment hearing. Moreover, nothing in the record indicates that Martin-de-Nicolas took any action to apprise the judge presiding over the summary-judgment hearing of his section 74.053 objection. "Unlike disqualification of a judge based on a constitutional prohibition, which can be raised at any point in a proceeding, a statutory basis for recusal of a judge can be waived." *Sweetwater Austin Props., L.L.C. v. SOS All., Inc.*, 299 S.W.3d 879, 890 (Tex. App.—Austin 2009, pet. denied). "Because the prohibition from hearing a case under section 74.053 is nonconstitutional, . . . the objection is waivable and must be presented *and ruled upon* to trigger any mandatory prohibition." *Texas Emp't Comm'n v. Alvarez*, 915 S.W.2d 161, 165 (Tex. App.—Corpus Christi 1996, orig. proceeding) (emphasis added); *see also Martin-de-Nicolas v. AAA Tex. Cty. Mut. Ins.*, No. 03-17-00054-CV, 2018 WL 1868048, at *8-9 (Tex. App.—Austin Apr. 19, 2018, pet. denied) (mem. op.) (section 74.053 objection waived by failure to present it to, or have it ruled on by, presiding judge); *In re Approximately $17,239.00*, 129 S.W.3d 167, 168 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (objection waived when judge was unaware of objection filed seven days before hearing and hearing was "underway for some time" before party who appeared at hearing finally mentioned objection). Nothing in the record

7

before this Court reflects that Martin-de-Nicolas made any attempt to present his objection to the presiding judge or have it ruled on. Accordingly, we conclude that Martin-de-Nicolas waived any objection to the assigned judge presiding over the case. We overrule Martin-de-Nicolas's third issue.

## CONCLUSION

Having overruled each of Martin-de-Nicolas's three appellate issues, we affirm the trial court's orders granting Octaviano's and Tostado's motions for summary judgment.

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed: February 26, 2020