**DISMISS and Opinion Filed May 4, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00163-CR**
_____

**LISA ANN FINEBERG, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-00021-Q**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Carlyle
Opinion by Chief Justice Burns

Lisa Ann Fineberg filed a notice of appeal on July 10, 2019; for unknown reasons, the notice was not forwarded to this Court until February 6, 2020. After the clerk's record was filed, we asked for jurisdictional briefing from the parties. Having considered those letter briefs, we conclude we lack jurisdiction.

Appellant was indicted for two charges of indecency with a child. *Ex parte Fineberg*, PD-1024-17, 2018 WL 4762386, at *1 (Tex. Crim. App. 2018) (not designated for publication). She entered into a plea agreement with the State; in exchange for her guilty plea, the State agreed to dismiss the indecency charges and

instead charge appellant with two offenses of injury to a child (F16-00021-Q & F16-00022-Q). The trial court sentenced her to ten years in each case, with the sentences probated for ten years. *Id*. The trial court's March 24, 2016 judgments included the following "special findings or orders:"

> NO CONTACT WITH [complaining witness], NO CONTACT WITH ANY PERSON UNDER THE AGE 17 EXCEPT BIOLOGICAL CHILDREN. COMPLIANCE WITH SEX OFFENDER CONDITIONS.

The March 24, 2016 Conditions of Community Supervision specified (1) that the trial court shall determine the terms and conditions of appellant's supervision, and "may at any time during the period of Supervision, alter or modify the conditions of [Appellant's] Supervision" and (2) appellant was "not [to] have any form of contact, be it in person, by mail, telephone or any form of communication with any child 17 years of age or younger, directly or indirectly, EXCEPT FOR BIOLOGICAL CHILDREN." *Id*. at *2.

Appellant did not appeal the March 2016 judgments and began sex offender counseling in mid to late April 2016. On June 21, 2016, the trial court issued an order, modifying appellant's conditions of community supervision by prohibiting her from being within 1000 feet of any child, including her own children. *Id*. This occurred without any notification to appellant or to her attorney, without any type of formal investigation or hearing being conducted, and without any motion to revoke,

documentation from appellant's probation officer, or motion to modify the conditions being filed. *Id*.

Appellant refused to sign the third modification order and filed objections. She also sought to modify the conditions to allow her to have contact with her own children. Appellant claimed she was denied due process, "was [not] afforded a hearing," and no evidence in the record supported the determination that she could not be trusted with her own children or that such action was in her children's best interest. The trial court denied her motion without a hearing. *Id*.

Appellant filed an application for a post-conviction writ of habeas corpus under code of criminal procedure article 11.072. Although the trial court did not hold a hearing before denying appellant's article 11.072 writ application, the court issued an "Order Denying Applicant's Application for Writ of Habeas Corpus," which included "Findings of Fact and Conclusions of Law." The trial court concluded that appellant had not met her burden to show that the trial court abused its discretion or violated her right to due process. *Id*. at *3.

Appellant appealed that denial to this Court, asserting that the trial court improperly modified her original conditions of community supervision, which had been agreed to in the plea agreement with the State. Appellant claimed the condition that she avoid contact with all children, including her own, violated her right to substantive and procedural due process of law, interfered with her fundamental right

–3–

to establish a home to raise her children, and was not rationally related to a legitimate state interest. *Id*. at *2.

We affirmed the trial court's ruling, concluding appellant did not carry her burden to show the trial court's modification violated her substantive or procedural due process rights. *Id*. at *3. Appellant then filed a petition for discretionary review. *Id*. at *1. The Texas Court of Criminal Appeals agreed with appellant that the trial court's June 21, 2016 third modification of the terms of her probation deprived her of a fundamental right—a parent's right to care, custody, and management of her own child—and that appellant was deprived of that right without being afforded proper due process. In an opinion issued October 3, 2018, the court concluded that before imposing such a modification, the trial court should have first afforded appellant "proper procedural due process in the form of a hearing." *Id*. at *6. The court further noted that if "the trial court wishes to reimpose that same condition on Appellant, it must proceed in accordance with this opinion." The court of criminal appeals reversed this Court's judgment, vacated the trial court's order denying appellant habeas relief, and remanded the case to the trial court with instructions to remove the modification that denied appellant access to her own children. *Id*. The mandate issued November 5, 2018.

When the trial court did not delete the condition, appellant filed a petition for writ of mandamus with the court of criminal appeals on January 17, 2019. *See In re Fineberg*, WR-89,425-01, 2019 WL 576596 (Tex. Crim. App. 2019) (not designated

for publication). On February 11, 2019, while the writ was pending, appellant filed a motion to recuse trial judge Tammy Kemp. On February 13, 2019, the court of criminal appeals requested Judge Kemp file a response to appellant's petition, certifying what action, if any, had been taken with respect to the terms of appellant's community supervision since the issuance of the court's October 2018 opinion. On February 14, 2019, Judge Kemp declined to recuse herself and requested the Presiding Judge of the First Administration Judicial Region assign a judge to hear the motion to recuse.

Judge Jim Jordan was assigned on February 22, 2019 to hear the motion to recuse. On March 11, 2019, appellant filed an objection to assigned Judge Jordan under section 74.053 of the Texas Government Code. Two days later, Presiding Judge of the First Administrative Judicial Region Ray Wheless overruled appellant's objection to Judge Jordan's assignment.

Judge Jordan then granted appellant two continuances on the hearing on the motion to recuse Judge Kemp, ultimately setting the hearing for May 31, 2019. On May 28, 2019, appellant filed a motion to disqualify the Dallas County Criminal District Attorney's Office.

Although the record does not show appellant filed a second objection or a motion to recuse Judge Jordan, on May 31, 2019, Judge Jordan signed an order declining "to recuse" himself and referring the motion to recuse to Acting Presiding

Judge of the First Administrative Judicial Region who in turn denied appellant's "motion to recuse" Judge Jordan.

On June 10, 2019, Judge Jordan signed an order denying appellant's motion and supplemental motion[1] for recusal of Judge Kemp. Three days later, Judge Kemp modified the conditions of community supervision to state that appellant was required to avoid contact with all children, excluding her own biological children.

Nearly a month later, Judge Kemp signed an order again modifying appellant's conditions of community supervision. The clerk's record does not reflect if a hearing was held. The July 9, 2019 modification provided:

> Do not have any form of contact, be it in person, by mail, telephone or any form of communication with any child 17 years of age or younger, including biological son, unless and until a chaperone approval program is completed for the biological son.

The following day, Judge Kemp denied appellant's motion to disqualify the Dallas County District Attorney's Office. Appellant filed a notice of appeal, seeking review of the rulings on her (1) motion to disqualify the Dallas County District Attorney's Office, (2) motion to recuse the trial judge, and (3) objection to the assigned judge. The notice of appeal was not forwarded to this Court for nearly seven months. In the meantime, by postcard dated September 11, 2019, the Texas Court of

---

[1] The clerk's record on file with the Court does not contain any document entitled "Supplemental Motion for Recusal of Trial Judge." The first reference to any such document is in appellant's June 7, 2019 "Memorandum of Law in Support of Recusal of 204th Judicial District Court Trial Judge." It is again referenced in the trial court's order and in appellant's July 10, 2019 notice of appeal.

Criminal Appeals "denied without written order motion for leave to file [appellant's] original application for writ of mandamus."

After the clerk's record was filed in this Court, we notified the parties we had concerns about our jurisdiction. Specifically, we noted it appeared that the orders appellant sought to appeal were not final appealable orders. We requested jurisdictional letter briefs. In appellant's letter brief, she argued:

> An order denying a motion to recuse "may be reviewed for an abuse of discretion on appeal from the final judgment." Tex. R. Civ. P. 18a(j). Texas courts interpret a final judgment as one that disposes of all issues and parties in a case. *North East Independent School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966).

She contends that once her motions were denied, "all issues between the parties, the State of Texas and Lisa Ann Fineberg, were disposed." Alternatively, appellant asked the Court to treat the appeal as a petition for a writ of mandamus.

The State argues we lack jurisdiction because none of the three orders is a final judgment or an otherwise appealable interlocutory order. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) (intermediate appellate courts have no jurisdiction to review interlocutory orders absent express authority); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.). To the extent appellant seeks to appeal the denial of her post-conviction motion to disqualify the Dallas County District Attorney's Office, the State cites *Kearny v. State*, No. 05-07-01155-CR, 2007 WL 2897755, at *1 (Tex. App.—Dallas Oct. 5, 2007, no pet.) (mem. op., not designated for publication) (dismissing appeal of order granting State's motion

–7–

to disqualify counsel for want of jurisdiction); *see also Wright*, 969 S.W.2d at 589 (setting out types of appealable interlocutory orders). With respect to the denial of her motion to recuse the trial judge and objection to the assigned judge, the State cites civil procedure rule 18a; *Arnold v. State*, No. 10-18-00055-CR, 2018 WL 1004880, at *1 (Tex. App.—Waco Feb. 21, 2018, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal of order denying motion to recuse and disqualify for want of jurisdiction); and *Gore v. Gore*, No. 05-13-01025-CV, 2014 WL 1018650, at *1 (Tex. App.—Dallas Mar. 17, 2014, no pet.) (mem. op., not designated for publication) (dismissing appeal of order denying motion to disqualify for want of jurisdiction).[2]

The procedures for recusal of judges are set out in the rules of civil procedure and apply to criminal cases. TEX. R. CIV. P. 18a; *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding); *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993). An order denying a motion to recuse is reviewable only on appeal from a final judgment. TEX. R. CIV. P. 18a(j)(1)(A). Absent a timely appeal of a final conviction or one that disposes of all issues and parties in a case, the appellate court lacks jurisdiction over a trial court's stand-alone order denying a motion to recuse. *Wright*, 969 S.W.2d at 589; *Earbin v*. State, No. 05-17-01402-CR, 2018 WL 446442, at *1 (Tex. App.—Dallas 2018, no pet.) (mem. op.) (not

---

[2] Appellant objected to assigned Judge Jordan under section 74.053 of the Texas Government Code.

designated for publication) (citing *Green v. State*, 374 S.W.3d 434, 445 (Tex. Crim. App. 2012)). Likewise, an appeal from an order denying a motion to disqualify counsel is an interlocutory appeal; absent a judgment of conviction or other appealable order, we lack jurisdiction to review the appeal. *Wright*, 969 S.W.2d at 589; *Summers v. State*, No. 05-07-01154-CR, 2007 WL 2834530, at *1 (Tex. App.—Dallas 2007, no pet.) (mem. op.) (per curiam) (not designated for publication).

Section 74.053(b) of the Texas Government Code provides that once a party files a timely objection to an assigned judge, "the judge shall not hear the case." TEX. GOV'T CODE ANN. § 74.053(b); *see Lewis v. Leftwich*, 775 S.W.2d 848, 849–50 (Tex. App.—Dallas 1989, orig. proceeding). Upon the filing of a timely objection to an assigned judge, the judge is automatically disqualified as a matter of law, even if the judge is unaware of the objection. *In re Carnera*, 05–16–00055–CV, 2016 WL 323654, at *1 (Tex. App.—Dallas Jan. 27, 2016, orig. proceeding). However, section 74.053(d) does not apply to criminal cases. *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 587 (Tex. Crim. App. 1993).

We conclude the denials of appellant's motions are interlocutory orders. The 2016 convictions finding appellant guilty and placing her on community supervision were final but she did not timely appeal. And there is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision. *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); *Basaldua*

*v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). Because there is no final judgment over which we have jurisdiction, we cannot review the denial of her motions.

Appellant alternatively requests that we treat her notice of appeal as a petition for writ of mandamus. Her two-page notice of appeal, however, does not meet the requirements of rule 52. *See* TEX. R. APP. P. 52.3.

We dismiss appellant's appeal for want of jurisdiction. To the extent she asks us to treat her filing as a petition for writ of mandamus, we deny her request without prejudice to refiling a proper petition that complies with rule 52.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200163F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

LISA ANN FINEBERG, Appellant

No. 05-20-00163-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas Trial Court Cause No. F16-00021-Q. Opinion delivered by Chief Justice Burns. Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered May 4, 2020