**Ted RUBIN, Relator,**

v.

**The Honorable Leonard HOFFMAN, Judge Presiding, 193rd Judicial District Court, Dallas County, Texas, Respondent.**

No. 05–92–02381–CV.

Court of Appeals of Texas, Dallas.

Nov. 12, 1992.

Jack M. Kuykendall, Eric Overby, Arthur, Hadden, Johnson & Bromberg, Dallas, for relator.

Dana Irwin, Dooley & Rucker, Dallas, for respondent.

Before BAKER, KINKEADE and BURNETT, JJ.

## OPINION

BAKER, Justice.

Relator Ted Rubin seeks writ of mandamus directing the Honorable Leonard Hoffman to vacate a temporary injunction. Judge Hoffman signed the order as a visiting judge. Rubin contends that Judge Hoffman had a mandatory duty to disqualify himself in response to Rubin's objection under section 74.053 of the Texas Government Code. We agree. We conditionally grant the writ.

## THE PROCEDURAL BACKGROUND

Real parties in interest Thomas P. Jones IV and Denise Kimberling Jones sued to enforce a restrictive covenant against Rubin and his wife. The Joneses sought a temporary injunction to prevent the Rubins from continuing construction of a second-story addition to their house. On September 11, 1992, Judge Michael O'Neill presided over a hearing on the application for

temporary injunction. The court was unable to conclude the hearing. Later, on September 18, 1992, the Joneses' counsel notified the Rubins' counsel that Judge Hoffman would preside as a visiting judge over a continuation of the temporary injunction hearing. The hearing was set for 2:30 p.m. on October 2, 1992.

At 1:26 p.m. on October 2, 1992, Rubin filed an objection to Judge Hoffman under section 74.053(b) of the Texas Government Code. Judge Hoffman observed that Rubin knew of Judge Hoffman's assignment for about two weeks but filed his objection scarcely an hour before the hearing. Concluding that the objection was untimely, Judge Hoffman orally overruled it and proceeded with the hearing. On October 7, 1992, Judge Hoffman signed a temporary injunction prohibiting Rubin and his wife from continuing construction of the second-story addition. On October 9, 1992, we granted Rubin leave to file this petition for writ of mandamus.

## THE APPLICABLE LAW

■ Section 74.053 of the Texas Government Code provides in pertinent part:

(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or in part by the assigned judge.

(b) If a party to a case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

TEX.GOV'T.CODE ANN. § 74.053(a)–(c) (Vernon Supp.1992). Once a party makes a timely objection under section 74.053, disqualification of the assigned judge is mandatory. Any subsequent orders that he issues are nullities. *Lewis v. Leftwich,* 775

S.W.2d 848, 851 (Tex.App.—Dallas 1989, orig. proceeding).

■ Under section 74.053, a party makes a timely objection if it is "before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside." TEX.GOV'T CODE ANN. § 74.053(c) (Vernon Supp.1992). An objection is timely under section 74.053 if it is made before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial. *Lewis,* 775 S.W.2d at 850.

## APPLICATION OF THE LAW TO THE FACTS

■ The sole issue in this case is whether Rubin's objection was timely. In this case, Rubin filed his objection almost an hour before Judge Hoffman first took the bench. Rubin's objection was timely under section 74.053(c). *Lewis,* 775 S.W.2d at 850–51. The Joneses argue that, because Rubin knew of Judge Hoffman's assignment several weeks in advance but filed his objection only an hour before trial, this Court should uphold Judge Hoffman's ruling on the ground that Judge Hoffman implicitly found that Rubin's objection was made in bad faith. Although Judge Hoffman characterized Rubin's objection as a "harassment of the docket," Judge Hoffman made no finding of bad faith. The Joneses have cited no authority, and we have found none, recognizing an exception to the mandatory language of section 74.053(b) based on "bad faith" or "harassment of the docket." We decline the Joneses' invitation to create such an exception.

■ Rubin's objection was timely. Under section 74.053(b), Judge Hoffman's disqualification was mandatory. The October 7, 1992 temporary injunction is a nullity. Because the October 7, 1992 order is void, Rubin can secure mandamus relief without demonstrating that he has no adequate remedy at law. *Lewis,* 775 S.W.2d at 851. We conditionally grant Rubin's petition for writ of mandamus.