AMATEUR ATHLETIC FOUNDATION
OF LOS ANGELES, Relator,

v.

Leonard E. HOFFMAN, Jr., Visiting
Judge, County Court at Law No. 4 of
Dallas County, Texas, Respondent.

No. 05–94–01852–CV.

Court of Appeals of Texas,
Dallas.

Dec. 16, 1994.

Blair G. Francis, Dallas, TX, for relator.

Ronald Z. Aland, Dallas, TX, for respondent.

Before BAKER, CHAPMAN and
WHITTINGTON, JJ.

## MEMORANDUM OPINION

BAKER, Justice.

Respondent, a visiting judge sitting in the County Court of Law No. 4 of Dallas County, Texas, denied Relator's timely filed objection to Respondent as a visiting judge. Relator requests we order Respondent to vacate all orders he entered after Relator filed its objection and disqualify himself from any further proceedings in the underlying litigation. Once a party makes a timely objection to a visiting judge, the assigned judge's disqualification is mandatory. We conditionally grant the writ.

## FACTS

In this case, the record reflects Relator filed a timely objection to Respondent's assignment as a visiting judge to hear a matter involving Relator's pending case. Respondent overruled Relator's objection and over the objection proceeded to hear the Real Party In Interest's motion. The Respondent later entered orders based upon the hearing.

## APPLICATION OF LAW TO FACTS

■ The applicable law is clear and settled. Once a party makes a timely objection,

the assigned judge's disqualification is mandatory. TEX. GOV'T CODE ANN. § 74.053(a)–(c) (Vernon Supp.1994); *Rubin v. Hoffman,* 843 S.W.2d 658, 659 (Tex.App.—Dallas 1992, orig. proceeding); *Lewis v. Leftwich,* 775 S.W.2d 848, 851 (Tex.App.—Dallas 1989, orig. proceeding).

■ An objection is timely under the government code if made before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial. *See* TEX. GOV'T CODE ANN. § 74.053(c) (Vernon Supp. 1994); *Rubin,* 843 S.W.2d at 659; *Lewis,* 775 S.W.2d at 850.

■ Any later order issued by the assigned judge is a nullity. *Rubin,* 843 S.W.2d at 659; *Lewis,* 775 S.W.2d at 851. Because the assigned judge's orders are void, a Relator can secure mandamus relief without showing he has no adequate remedy at law. *Rubin,* 843 S.W.2d at 659; *Lewis,* 775 S.W.2d at 851.

■ The record shows that Relator's objection was timely. Any order Respondent entered as the assigned judge is a nullity. We conditionally grant Relator's petition for writ of mandamus.

WHITTINGTON, Justice, dissenting.

I respectfully dissent. The majority concludes that the following blanket objection meets the requirements of section 74.053 of the Texas Government Code:

The majority's approval of this form of objection raises more questions than it answers:

- Is this an objection to a retired judge under Section 74.053(b) or an objection

to a former judge under Section 74.053(d)?

- Has the party lodging the objection used its one objection against a retired judge or only one of its unlimited objections to a former judge?

- Can an attorney now use such a blanket objection to avoid the assignment of a visiting judge in every case?

- Because the individual judge is not identified, would all visiting judges in the State of Texas be subject to this objection?

In spite of all the obvious defects in the objection, the only one I consider to be fatal is the failure to identify the judge who is the target of the objection. How can any of the questions raised above be answered without knowing the identity of the judge?

Requesting a positive identification of the judge in a section 74.053 objection does not place an overwhelming burden on the objecting party. While a party could simply include the judge's name in the motion, other information that would positively identify the judge, such as reference to the judge's assignment to a court on a specified date, would be sufficient. Without a name or other information positively identifying the judge, I would hold that the objection is insufficient under section 74.053.