### In re Noe FLORES.

#### No. 04–01–00198–CV.

Court of Appeals of Texas, San Antonio.

June 13, 2001.

Hector P. Gonzalez, Hector P. Gonzalez Law Office, Alice, for Appellant.

Al Soliz, Jr., Meredith, Donnell & Abernathy, Corpus Christi, Barbara Barron, Mehaffy & Weber, P.C., Beaumont, David Stephenson, Clemens & Spencer, San Antonio, Otway B. Denny, Jr., Fulbright & Jaworski, L.L.P., Houston, Linda S. McDonald, Shaddox, Compere, Walraven & Good, San Antonio, O.C. Hamilton, Jr., Atlas & Hall, L.L.P., McAllen, Thomas L. Cougill, Fairchild, Price, Thomas, Haley & Willingham, Houston, Albert M. Gutierrez, Jr., Patricia Alvarez, Alvarez & Notzon, L.L.P., Laredo, Carl Robin Teague, San Antonio, Karl W. Koen, Dallas, M. Michael Meyer, Mark R. Zeidman, Houston, for Appellee.

Sitting: TOM RICKHOFF, CATHERINE STONE, and KAREN ANGELINI, Justices.

## OPINION

TOM RICKHOFF, Justice.

In an opinion and judgment dated April 25, 2001, we denied relator's petition for writ of mandamus. On May 7, 2001, relator filed a motion for rehearing. We deny the motion, withdraw our opinion and judgment of April 25, 2001, and issue this opinion and judgment in its place for the purpose of clarifying our original opinion and addressing the issue raised by relator in his motion for rehearing.

We are asked to determine whether a presiding judge has "assigned" himself under Texas Government Code Chapter 74 when he decides to personally hear a motion to recuse, rather than designate another judge to do so, under Texas Rule of Civil Procedure 18a. We hold that a Chapter 74 assignment does not occur under these circumstances; therefore, the presiding judge is not subject to an objection under Chapter 74.

## BACKGROUND

One of the plaintiffs below filed a motion to recuse or disqualify the trial judge, John A. Pope, III. Pope refused to recuse or disqualify himself and referred the motion to Judge Darrell A. Hester, Presiding Judge of the Fifth Administrative Region. In a letter dated February 1, 2001 to all counsel, Hester stated, in part: "I will hear this motion in my capacity as Presiding Judge of the Fifth Administrative Region." Hester set the motion for hearing on February 15, 2001.

On February 6, 2001, relator (also a plaintiff) filed a Texas Rule of Civil Procedure 18a motion to recuse or disqualify Hester from hearing the motion to recuse

or disqualify Pope. At the February 15th hearing, relator also filed an objection to Hester pursuant to Texas Government Code section 74.053(b). Hester refused to recuse himself or honor the objection, denied the motion to recuse Pope, and assessed sanctions against the plaintiffs in the amount of $5,000.

Relator filed his petition for writ of mandamus, asking this court to order Hester to rescind and vacate his orders.

## DISCUSSION

Relator argues that Hester is a visiting judge subject to mandatory objection pursuant to Section 74.053(b), which provides, in part: "If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case." TEX.GOV'T CODE ANN. § 74.053(b) (Vernon 1998). Relator relies on the order of assignment[1] signed by Hester to contend that Hester is an "assigned" judge and he erred in not recusing himself or assigning the recusal motion to another judge under Rule 18a. The real parties in interest assert that (1) relator has an adequate remedy at law, therefore, he is not entitled to mandamus relief; (2) relator's Rule 18a motion was not timely, therefore, it was waived; (3) Hester was not an "assigned" judge, i.e., not assigned pursuant to Chapter 74 of the Government Code, therefore, he is not subject to an objection under Section 74.053; and (4) the Rule 18a motion was fatally defective in that it did not state with particularity the grounds for recusal.

### Adequate remedy at law

The real parties in interest contend that under *In re Union Pacific Resources Co.,* 969 S.W.2d 427 (Tex.1998), relator has an adequate remedy at law and is, therefore, not entitled to mandamus relief. The *Union Pacific* case involved the denial of a motion to recuse, and the Supreme Court held that the erroneous denial of a motion to recuse does not void or nullify the presiding judge's subsequent acts; therefore, a judgment rendered in such circumstances may be reversed on Id. at 428. Here, however, relator is not complaining about the denial of a motion to recuse; instead, relator's complaint is that Hester erred in not following the mandate of Rule 18a(c), which requires that, "Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion." Tex.R.Civ.P. 18a(c).

Further, relator filed an objection under Section 74.053. If the assigned judge refuses to remove himself after a party timely files an objection under Section 74.053, that judge's subsequent orders are void and the objecting party is entitled to mandamus relief without a showing that it lacks an adequate remedy by appeal. *Dunn v. Street,* 938 S.W.2d 33, 34 (Tex. 1997); *Flores v. Banner,* 932 S.W.2d 500, 501 (Tex.1996). Therefore, we conclude that the denial of a timely Section 74.053 objection is a proper subject of mandamus.

### Timeliness of Rule 18a motion

Rule 18a requires that a recusal motion be filed ten days before the date set for trial or other hearing. TEX.R.CIV.P. 18a(a). Hester set the hearing for February 15; therefore, relator's motion was due February 5. Relator filed his Rule 18a motion on February 6, one day too late. Therefore, the dispositive issue on appeal

---

1. The order stated, "This assignment is for the purpose of the Presiding Judge of the Fifth Administrative Judicial Region hearing a motion to recuse Judge John A. Pope, III.... This assignment is effective immediately and shall continue for such time as may be necessary for the assigned judge to hear and pass on such motion."

is whether Hester was an "assigned" judge subject to a Section 74.053 objection.

### Hester is not an "assigned" judge

Hester refused to honor the objection or assign the recusal motion to another judge because, in his opinion, he was hearing the motion to recuse or disqualify Pope in his capacity as the presiding judge and not as a judge assigned under Chapter 74.

■ Chapter 74 deals with the appointment of visiting judges by the presiding judge of the administrative judicial region to sit for an elected judge. *Cabrera v. Cedarapids, Inc.*, 834 S.W.2d 615, 617 (Tex.App.—Houston [14th Dist.] 1992), *writ denied as improvidently granted*, 847 S.W.2d 247 (Tex.1993). Section 74.053 allows a civil litigant to timely object to the regional presiding judge's assignment of a judge to a court. *In re Houston Lighting & Power, Co.*, 976 S.W.2d 671, 672 (Tex. 1998). The *Cabrera* court observed:

> Section 74.053 applies only "when a judge is assigned under this chapter." Chapter 74 deals with the appointment of visiting judges by the presiding judge of the administrative judicial region to sit for an elected judge. This section has been interpreted by the appellate courts to be applicable only when a judge is assigned by the presiding judge of the administrative judicial region pursuant to this chapter.

*Cabrera*, 834 S.W.2d at 617; *see also Weidner v. Marlin*, 937 S.W.2d 601, 604 (Tex.App.—San Antonio 1996, no writ).

Section 74.053 begins with the following: "*When a judge is assigned under this chapter* the presiding judge shall...." TEX.GOV'T CODE ANN. § 74.053(a) (emphasis added). Rule 18a provides: "If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the

motion, and all opposing and concurring statements.... *The presiding judge of the administrative judicial district shall immediately set a hearing before himself or some other judge designated by him*, shall cause notice of such hearing to be given to all parties or their counsel...." TEX. R.CIV.P. 18a(d) (emphasis added).

Here, Hester did not assign another judge; he heard the motion to recuse or disqualify Pope himself. Therefore, although an assignment order was signed, none was necessary because Rule 18a allows a presiding judge to hear the motion himself. *See Houston Lighting & Power*, 976 S.W.2d at 672–73 (transferring case was not dependent upon an assignment or any formal order and the transfer was not needed merely to facilitate the assignment; thus, judge could hear Section 74.053 objection in his own courtroom without a transfer and did not abuse his discretion in refusing to disqualify himself).

We hold that a "Chapter 74 assignment" occurs when a *presiding judge of a judicial administrative district* assigns *another* judge to a case. *See Weidner*, 937 S.W.2d at 603–04 (visiting judge's assignment was pursuant to Government Code section 75.003; therefore, judge was not assigned by the presiding judge of the administrative judicial region and a Section 74.053 objection to the assignment was not appropriate); *Cabrera*, 834 S.W.2d at 617–18 (sitting judge was assigned by local administrative judge, rather than the presiding judge; thus, sitting judge was not appointed under Chapter 74 and not subject to objection under Section 74.053).

Because Hester did not "assign" the motion to recuse or disqualify Pope to another judge pursuant to his authority to do so under Chapter 74, but instead, heard the motion himself under Rule 18a, an assignment under Chapter 74 did not occur.

Therefore, Hester was not subject to a Section 74.053 objection. Accordingly, relator is not entitled to the relief sought and his petition for writ of mandamus is DENIED. TEX.R.APP.P. 52.8(a).