MEMORANDUM OPINION

No. 04-03-00772-CV

Nora GUTIERREZ,

Appellant


v.


Susan Eisner HIATT, Sylvia R. Garcia, and Patrice Barron ,

Appellees

From the 113th Judicial District Court, Harris County, Texas

Trial Court No. 2002-12013

Honorable Patricia Hancock , Judge Presiding



Opinion on Appellant's Motion for Rehearing

Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone , Justice

 Sarah B. Duncan , Justice

 Sandee Bryan Marion , Justice

Delivered and Filed: March 8, 2006

AFFIRMED ; MOTION FOR REHEARING DENIED

 On December 7, 2005, we issued an opinion and judgment affirming the trial court's judgment. Appellant, Nora Gutierrez,
has filed a motion for rehearing. We deny the motion but withdraw our December 7, 2005 opinion and issue this opinion in
its place. Our December 7, 2005 judgment remains unchanged. 

 Nora Gutierrez hired Susan Eisner Hiatt to prosecute an ultimately unsuccessful whistle-blower and wrongful termination
suit against the City of Houston. Approximately two-and-one-half years after the trial court signed the final judgment,
Gutierrez, proceeding pro se, sued Hiatt for malpractice and collusion allegedly related to the concealment of the date the
court signed the final judgment so as to prevent her from perfecting an appeal. Those whom Gutierrez claimed colluded
with Hiatt were two other attorneys Gutierrez named as defendants, Sylvia R. Garcia and Patrice Barron. Gutierrez alleged
Garcia, the former municipal court judge who headed the department in which Gutierrez worked before being discharged,
"influenced" Hiatt's handling of the lawsuit and aided in the concealment of information related to the appeals deadline.
Gutierrez alleged Barron, a former appeals court judge and friend of Hiatt's, "influenced" Hiatt's handling of the lawsuit by
repeatedly pressuring Hiatt to drop the lawsuit. All of the defendants filed motions for summary judgment, which the trial
court granted. Gutierrez appeals each judgment. We affirm. 

 1. Gutierrez first argues the three judges who ruled in her trial were constitutionally and statutorily disqualified from
presiding, thus rendering their orders void. We disagree.

 Gutierrez first argues the Honorable Martha Hill Jamison, the judge who signed the summary judgment in favor of Hiatt,
was disqualified pursuant to section 11 of article V of the Texas Constitution because Judge Jamison's father was employed
by the law firm that represented Barron, Locke Liddell & Sapp. However, article V, section 11 provides that "[n]o judge
shall sit in any case ... where either of the parties may be connected with the judge, either by affinity or consanguinity,
within such a degree as may be prescribed by law." Tex. Const. art. V, § 11. Judge Jamison's father is not a party; therefore,
article V, section 11 does not apply. (1)

 Gutierrez next argues the Honorable Patricia Hancock, the judge who granted the summary judgments in favor of Barron
and Garcia, was not impartial. Gutierrez's motion to recuse and/or disqualify alleged Judge Hancock's impartiality was
reasonably in question due to her refusal to move the case to a venue outside Harris County as Gutierrez had requested.
SeeTex. R. Civ. P. 18b(2). But on appeal Gutierrez does not argue that her motion was erroneously denied; she instead
argues that Judge Hancock's impartiality was reasonably in question because of the lack of judicial decorum and integrity in
her courtroom. Because the arguments on appeal do not comport with the arguments made at trial, Gutierrez has not
preserved her complaint for review. See Tex. R. App. P. 33.1(a); J.C. Penney Life Ins. Co. v. Heinrich, 32 S.W.3d 280, 290
(Tex. App.-San Antonio 2000, pet. denied).

 Gutierrez's final complaint concerns the Honorable Olen Underwood, the presiding judge of the Second Administrative
Judicial Region, who heard and denied the motion to recuse Judge Hancock. Again, however, Gutierrez does not argue that
her motion was erroneously denied, but that Judge Underwood disregarded her objection to his "self-assignment," which
she claims automatically disqualified him from rendering a decision pursuant to section 74.053 of the Government Code.
However, disqualification under section 74.053 only applies to an assigned judge.See Tex. Gov't Code Ann. § 74.053
(Vernon 2005); In re Flores, 53 S.W.3d 428, 431 (Tex. App.-San Antonio 2001, orig. proceeding). Here, Judge
Underwood, as the presiding administrative judge, chose to hear the recusal motion himself; this was his prerogative. The
fact that he signed an order assigning himself is irrelevant. See Flores, 53 S.W.3d at 431-32.

 2. Finally, Gutierrez argues "she presented sufficient admissible evidence to defeat Defendants' Motions for Summary
Judgment" because an affidavit executed by a disinterested witness "presented a fact issue relating to what [Gutierrez]
believes [w]as the onset of the action [upon] which this case is based." In response to Garcia's first amended motion for
summary judgment claiming Gutierrez had not stated a cognizable cause of action or produced any evidence proving any
actionable conduct, whether it be for a claim concerning malpractice or arising under the Deceptive Trade Practices
Act,Gutierrez produced an affidavit from Marie Lee, a woman Gutierrez was helping run a campaign. Lee stated that she
and Gutierrez saw Garcia at a restaurant a month or so before the trial court signed its final judgment in the whistle-blower
and wrongful termination suit. Contrary to Gutierrez's contention, this evidence does not constitute a material fact sufficient
to preclude summary judgment. It merely establishes that Gutierrez and Garcia saw each other a month before the trial court
signed the final judgment. Without the production of more evidence establishing a causal link between that sighting and the
subsequent events, the sighting alone does not tend to prove a prong of any recognized cause of action.

 The judgment of the trial court is affirmed.



 Sarah B. Duncan, Justice

1. When Judge Jamison disclosed that her father worked at Locke Liddell & Sapp, she also disclosed that she has "had
people who have showed up for a motion and have decided, sometimes all of a sudden, [that] the fact that my
brother-in-law works for the law firm of L[i]ddell & Sapp makes them uncomfortable." Gutierrez never filed a motion to
recuse on that basis and therefore waived any complaint about that relationship in the trial court and on appeal. SeeTex. R.
App. P. 33.1.