**Writ of Mandamus is Conditionally Granted; Opinion Filed August 1, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

### No. 05-13-00593-CV
_____

## IN RE C.D. HENDERSON CONSTRUCTION SERVICES, LTD., C.D. HENDERSON CONSTRUCTION COMPANY, INC., NORTHWEST CONSTRUCTION SERVICES, L.P., AND NORTHWEST CONSTRUCTION COMPANY, INC., Relators

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 05-6533-D**

### MEMORANDUM OPINION
Before Justices Moseley, Francis, and Fillmore
Opinion by Justice Moseley

Relators filed this mandamus proceeding after the trial court appointed a receiver over them and then expanded the powers of that receiver. We conclude that the trial court's orders are void as to relators, and conditionally grant mandamus relief.

Real parties in interest Mockingbird Station Partners, L.P. and Simpson Texas Financing Limited Partnership initiated an arbitration proceeding against C.D. Henderson, Inc., and received an award in their favor in 2005. The trial court signed a judgment based on that award in September 2005. In 2011, real parties in interest filed a motion for appointment of a receiver, asking that a receiver be appointed not only for judgment debtor and defendant C.D. Henderson, Inc. but also over relators and Charles D. Henderson individually. Real parties in interest asserted that they were entitled to have a receiver appointed for these entities under the Texas Uniform Fraudulent Transfer Act and the alter ego doctrine. The motion was not served on

relators or the registered agent of any relator, and relators filed no response to the motion and did not appear at the hearing on the motion.

In November 2011, the trial court appointed a receiver for C.D. Henderson, Inc. That receiver filed a preliminary report in June 2012 and recommended that the trial court appoint a receiver for "all companies operating under the C.D. Henderson Construction Group," including relators. The receiver's report was not served on relators, and they did not appear at the hearing held on the recommendations. Nonetheless, on October 10, 2012, the trial court signed an order appointing a receiver for relators. In April 2013, the receiver filed a motion to expand his powers, seeking exclusive control over the business affairs and assets of all of the receivership entities, including relators. The trial court granted this motion on May 2, 2013.

Relators complain that the trial court's order is void as to them because they were not served with process or otherwise notified of the receivership proceedings. "Personal jurisdiction is composed of two elements: (1) the defendant must be amenable to the jurisdiction of the court; and (2) if the defendant is amenable to the jurisdiction of the court, the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant." *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985). Real parties in interest do not dispute that they failed to name relators as defendants in the case, serve them with process, and notify them of the hearings on the receivership. Therefore, the trial court had no jurisdiction over relators, and it was error to appoint a receiver for relators and expand the powers of that receiver. *See Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 861-62 (Tex. App.—San Antonio 2002, pet. denied).

Real parties in interest argue that relators submitted to the trial court's jurisdiction because C.D. Henderson, Inc. argued against the appointment of a receiver over relators and because an attorney for relators agreed to the form of a November 2011 order denying C.D.

Henderson, Inc.'s motion to disqualify the receiver. We conclude that neither of these facts is sufficient to subject relators to the jurisdiction of the trial court. Similarly, we do not find that relators waived their right to mandamus by not challenging the order appointing the receiver before the trial court orally granted the receiver's motion for expanded powers.

Finally, real parties in interest argue that relators could have appealed the appointment of the receiver. See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (West Supp. 2012). However, Texas law has long held that mandamus will issue where the trial court's order is void and that it is unnecessary for a relator to pursue other available remedies. *See Buttery v. Betts*, 422. S.W.2d 149, 151 (Tex. 1967); *Amateur Athletic Found. v. Hoffman*, 893 S.W.2d 602, 603 (Tex. App.—Dallas 1994, orig. proceeding).

Accordingly, we conditionally grant relators' petition for writ of mandamus. The writ will issue only if the trial judge fails to vacate, as to relators, his October 10, 2012 "Order Appointing Receiver for Additional Assets Owned or Controlled by Defendant C.D. Henderson, Inc." and his May 2, 2013 "Order Expanding Receiver's Powers."

/Jim Moseley/
JIM MOSELEY
JUSTICE

130593F.P05