ACCEPTED
05-15-00076-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
2/11/2015 8:23:03 PM
LISA MATZ
CLERK

CAUSE NO. <u>05-14-00076-CV</u>

**IN THE COURT**

**FIFTH COURT OF APPEALS**

**DALLAS, TEXAS**

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
2/11/2015 8:23:03 PM
LISA MATZ
Clerk

**In Re: TERRENCE M. GORE**
*Relator*

*Original Proceeding Arising from the 302nd Judicial District,*

*Dallas County, Texas*

*Cause No. DF12-12707-U*

*(Judge Tena Callahan)*

**MOTION FOR EN BANC RECONSIDERATION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Relator, TERRENCE M. GORE ("Terrence"), who respectfully files this Motion for En Banc Reconsideration in accordance to Texas Rules of Appellate Procedure Rule 49, and moves the Court to set aside its January 23, 2015 opinion denying Relator's writ of mandamus.

Relator asks the Court to reconsider the following points presented in the original petition and carefully consider the following qualifying questions.

**Did Respondent have jurisdiction pursuant to *Texas Family Code §109.001 Temporary Orders During Pendency Of Appeal* on October 23, 2013 following perfecting of the July 29, 2013 notice of appeal?**

**Did Respondent have jurisdiction pursuant to *Texas Family Code §109.001 Temporary Orders During Pendency Of Appeal* on October 23, 2013 following perfecting of the January 3, 2013 notice of appeal?**

**ISSUE 1.** Respondent erred and abused her discretion in issuing temporary orders after her plenary powers had expired pursuant to TX. Family Code 109.001; Respondent was without jurisdiction therefor the temporary orders are void and Relator is entitled to mandamus relief. The Respondent's lack of jurisdiction denies Relator's state and federal due process rights. The lack of jurisdiction is very material and substantive in fair adjudication and protection of civil liberties under both Texas and U.S Constitutions.

a. The reference to Temporary orders as presented in the October 23, 2013 order granting a new trial are subject to *Texas Family Code §109.001 Temporary Orders During Pendency Of Appeal*. Parties are barred from obtain temporary orders not sought and/or signed by the court within 30 day of perfecting an appeal. Relator filed notice of appeal from the July 10, 2013 judgment on July 29, 2013. Upon filing said NOA, any party include Respondent has 30 days to issue temporary orders. No motion for order were made by any party, and Respondent's sua sponte order referencing temporary orders signed 86 days after the notice of appeal was perfected were grossly out of the plenary powers of Respondent to act.

b. A judgment or order is void when it is apparent that the court rendering it had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment or order, or no capacity to act as a court. The

Respondent lacked jurisdiction to enter an order subject to *TX FAM CODE §109.001 Temporary Orders During Pendency Of Appeal*.

c. In the October 23, 2013 order granting a motion for new trial; it only referenced that set aside order/judgment of July 10, 2013 shall be the temporary orders; no clear, decretal language in the form of temporary order were written in the order rendered on October 23, 2013. There are no written temporary orders, yet Respondent continues to act upon as if such exist, including but not limited to issuing capias warrants, and orders of commitment and attachment.

**ISSUE 2.** Respondent erred and abused her discretion in order of contempt based upon previous temporary orders which had finality on October 15, 2012 per Clarification Temporary Orders signed by court on January 31, 2013 and again on February 26, 2013.

a. Real party of interest, Rachael Gore's 2nd Amended Motion for Contempt Child Support per Clarification Temporary Orders was filed on July 5, 2013 specifically stating reasons for violating the January 31, 2013 Clarification temporary orders as it pertained to the August 1, 2012 temporary orders.

b. Temporary order of August 1, 2012 were vague, ambiguous and lack commanding language, and by order of the court needed clarify to be enforceable. The January 31, 2013 and subsequent and identical February 26, 2013 Clarification temporary orders are the results.

*c.* The Clarification Temporary Orders of January 31, 2013 and subsequently February 26, 2013 both clarify that the termination and duration of the August 1, 2012 temporary order shall be upon signing of the Final Decree for Divorce which was October 15, 2012. see Appendix

*Duration*                    ***from January 31, 2013 Clarifying Temp. Orders***

These Temporary Orders shall continue in force until the signing of the Final Decree of Divorce or until further order of this Court.

SIGNED on this the ___ day of _____ 2013.

_____
JUDGE PRESIDING

---

*Duration*                    ***from February 26, 2013 Clarifying Temp. Orders***

These Temporary Orders shall continue in force until the signing of the Final Decree of Divorce or until further order of this Court.

SIGNED on this the ___ day of _____ 2013.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

Respondent found Relator, Terrence Gore guilty of contempt of not paying child support on orders that were no longer enforceable due to its finality as the August 1, 2012 temporary orders upon the signing of the final decree of divorce. Since, the final decree of divorce did not contain with it any provisions for domestic support, such orders now are void. The trial court erred in finalizing a divorce without the necessary provision for domestic support including child support. To so, not after the fact would be to deny Relator to due process of the final

adjudication. The matter of the final decree of divorce signed and entered by the trial court on October 15, 2012 is currently on appeal, case no. 05-13-00305-CV, In The Interest of B.T.G minor child. The court failed to rendered temporary orders of any effect during the time authorized and permit by *Texas Family Code §109.001*. To do so in making temporary orders outside of its jurisdiction is sufficient ground to grant a mandamus. The judicial action taken in making temporary orders after strict time limit constraints of *Texas Family Code §109.001* makes those orders void.

Judicial action taken after the trial court's plenary power has expired is void. In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998); State ex rel Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995).

*from December 3, 2013 order of contempt*

The Court finds that Respondent has failed to pay child support as ordered to Rachael Gore through the state disbursement unit in the amounts and on the dates shown below:

| Violation | Date Due | Date Paid | Amount Due | Amount Paid |
|---|---|---|---|---|
| 1 | August 1, 2012 | NA | $660.00 | $.00 |
| 2 | September 1, 2012 | NA | $660.00 | $.00 |
| 3 | October 1, 2012 | NA | $660.00 | $.00 |
| 4 | November 1, 2012 | NA | $660.00 | $.00 |
| 5 | December 1, 2012 | NA | $660.00 | $.00 |
| 6 | January 1, 2013 | NA | $660.00 | $.00 |
| 7 | February 1, 2013 | NA | $660.00 | $.00 |
| 8 | March 1, 2013 | NA | $660.00 | $.00 |
| 9 | April 1, 2013 | NA | $660.00 | $.00 |
| 10 | May 1, 2013 | NA | $660.00 | $.00 |
| 11 | June 1, 2013 | NA | $660.00 | $.00 |
| 12 | July 1, 2013 | NA | $660.00 | $.00 |
| 13 | August 1, 2013 | NA | $660.00 | $.00 |
| 14 | September 1, 2013 | NA | $660.00 | $.00 |
| | Total | | $7,920.00 | $7,920.00 |

The Court further finds that the parties have stipulated that the Attorney General's records indicate that Respondent is in arrears in the amount of **$7,858.00** for unpaid child support from August 1, 2012, through September 1, 2013. Accordingly, the Court confirms Respondent's child support arrearage is **$7,858.00** as of the date of this Order.

The Court finds that Respondent was able to pay child support ~~and attorney's fees~~ in the amounts and on the dates ordered as set out above and that Respondent is guilty of a separate act

ORDER HOLDING RESPONDENT IN CONTEMPT

has paid $2,251 00 in child support, and

The motion for contempt and order both as a matter of law failed to strictly meet the requirement by stating the child support payments that were made by Relator, through wage withholding, of TX. Fam. Code §157.002b(1) & (2): (b) A motion for enforcement of child support:

*(1) must include the amount owed as provided in the order, the amount paid, and the amount of arrearages; (2) if contempt is requested, must include the portion of the order allegedly violated and, for each date of alleged contempt, the amount due and the amount paid, if any.*

Relator also appealed the October 15, 2012 judgment of divorce. Notice of appeal was filed and perfect on January 3, 2013. Again any party including Respondent had 30 days from the NOA to motion and issue temporary orders in accordance to *Texas Family Code §109.001.* No motions or temporary orders were issued other than the January 24, 2013 Associate Judge's report, "appointing David Bouldin as additional supervisor". The associate judge did set temporary hearing for February 26, 2013 which was ultimately canceled. Even had the temporary hearing been heard, the trial court was without jurisdiction to issue any temporary orders beyond February 2, 2013 as that was the 30 days pursuant to *§109.001.*

Finally, since the order of contempt promulgated from the invalid January 31, 2013 clarifying temporary orders as it had terminated upon the October 15, 2012 Final Decree of Divorce, it should be set aside as void. Upon reviewing the record, the pleadings before it, this Court can only conclude that Respondent did not have jurisdiction under *Texas Family Code §109.001 Temporary Orders*

*During Pendency Of Appeal.* The lack of jurisdiction devoid Respondent for acts granting temporary orders pending appeal. In doing so, Respondent abused her discretion and denied Relator due process.

**Void Orders**

―Cases involving void orders present a circumstance warranting mandamus relief.‖ *Custom Corporates, Inc. v. Security Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *see also In re Dickason,* 987 S.W.2d 570, 571 (Tex. 1998); *State Bd. of Ins.* 19 *v. Betts*, 315 S.W.2d 286, 289 (Tex. 1958); *Erbs v. Bedard*, 760 S.W.2d 750, 753 (Tex. App.—Dallas 1988, orig. proceeding) (―Mandamus is proper to correct a void order, one which a trial court has no power to render.). ―An order which proclaims is void upon its face needs no appellate action to proclaim its invalidity. It is one thing to say that a void order may be appealed from but it is another thing to say that it must be appealed from for it would be anomalous to say that an order void upon its face must be appealed from before it can be treated as a nullity and disregarded. *Fulton v. Finch*, 346 S.W.2d 823, 830 (Tex. 1961); *see also In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). Further, when an order is void, a relator need not demonstrate that he has no adequate remedy by appeal. *Dunn v. Street*, 938 S.W.2d 33, 35 (Tex. 1997) (per curiam); *Rubin v. Hoffman*, 843 S.W.2d 658, 659 (Tex. App.—Dallas 1992, orig. proceeding) (Baker, J.). Relator is entitled to mandamus relief.

## CONCLUSION AND PRAYERS

Relator, Terrence M. Gore prays that this Court grants his petition for writ of mandamus freeing him from all conditions of the temporary order that was never reduce to a written decretal order as part of the October 23, 2013 Order, and the order contempt, and to vacate orders by Respondent promulgating from this writ; will rule that the FINALITY of the August 1, 2012 Temporary Order was in fact, by order of the trial court, and as a matter of law was upon the signing of the Final Decree of Divorce, October 15, 2012; discharging Relator of child support under order(s) promulgated from conditions of void orders, and order ceasing all enforcement action and withholding of any further wages for child support from Relator based upon these void orders. Orders Rachael Gore to refund all monies received in child support from October 1, 2013 through the first day of granting of this order except that from child support due from August 1, 2012 to October 1, 2012. Relator prays that all relief is grant whether pleaded to or not that he is entitled to.

Respectfully Submitted

_____

TERRENCE GORE