

# NUMBER 13-21-00430-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MARK A. CANTU

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides[1]

On December 7, 2021, relator Mark A. Cantu filed a pro se petition for writ of mandamus through which he alleges that the assigned judge erred in continuing to preside over trial court cause number C-4003-19-A in the 92nd District Court of Hidalgo County, Texas, after Cantu filed an objection to that judge's assignment. *See* TEX. GOV'T

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

CODE ANN. § 74.053 (governing objections to assigned judges).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *see Walker*, 827 S.W.2d at 840. A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

When a judge assigned under Chapter 74 of the government code overrules a timely objection to the assignment, all the judge's subsequent orders are void and the objecting party is entitled to mandamus relief. *See In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding). In such cases, the objecting party need not demonstrate that it lacks an adequate remedy by appeal. *Dunn v. Street*, 938 S.W.2d 33, 34 (Tex.

1997) (orig. proceeding) (per curiam); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex. 1996) (orig. proceeding) (per curiam); *In re Flores*, 53 S.W.3d 428, 430 (Tex. App.—San Antonio 2001, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Hidalgo County District Attorney's Office, and the joinder in that response filed by real party in interest J. Michael Moore, is of the opinion that relator has not met his burden to obtain relief. *See* TEX. GOV'T CODE ANN. § 74.053(b) ("Except as provided by Subsection (d) [governing the assignment of judges or justices who were defeated in the last primary or general election], each party to the case is only entitled to one objection under this section for that case."); *In re Canales*, 52 S.W.3d at 703 (discussing the rationale and history of the statutory limitation for objections); *In re Honea*, 415 S.W.3d 888, 890 (Tex. App.—Eastland 2013, no pet.) ("Except as specifically provided, each party to the case is entitled to only one objection under the statute."). Accordingly, we deny the petition for writ of mandamus.

GINA M. BENAVIDES
Justice

Delivered and filed on the
22nd day of December, 2021.

3