**DISSENT and Opinion Filed July 5, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-00435-CV**
_____

**IN RE BRENDA L. CADDELL, Relator**

**Original Proceeding from the 303rd District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-13738**

## DISSENTING OPINION
Opinion by Justice Schenck

In this original proceeding, relator Brenda L. Caddell challenges an order sustaining the ruling on her objection to the assignment of a visiting judge in this Suit Affecting the Parent–Child Relationship (SAPCR). I dissent from the majority's denial of relator's petition because relator timely objected to the assignment of the visiting judge.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2019, relator, the paternal grandmother of the deceased Father's children, filed the underlying SAPCR in Johnson County seeking access to her grandchildren. Thereafter, the case was transferred to Dallas County and assigned to the 303rd District Court. On December 19, 2019, the trial court issued temporary

orders based on Mother and relator's agreement. The temporary orders divided possession time between Mother and relator if they lived within 100 miles of each other. Mother and the children subsequently moved to Maine, precluding relator from having access to her grandchildren.

On March 17, 2020, relator filed a motion to enforce temporary orders. Mother and the children eventually moved back to Texas, but Mother denied relator physical access to the children because of the COVID pandemic. The enforcement motion was initially set for hearing on December 21, 2020 before Judge Dennise Garcia, who was then the presiding judge of the 303rd District Court.[1] On December 9, 2020, the hearing was removed from the trial court's December 21 docket due to a scheduling conflict.

On January 12, 2021, Judge Carmen Rivera-Worley, retired,[2] signed an "Agreed Order to Appear" in the SAPCR setting, per the parties' agreement, February 3, 2021 as the date relator's motion would be heard. The order did not identify the judge who would appear or preside over the February 3 hearing or indicate that Judge Rivera-Worley had been generally assigned to the 303rd District Court or this case in particular.

---

[1] On January 1, 2021, Judge Garcia ceased being the presiding judge of the 303rd District Court as she had been elected to serve as a justice on the Fifth District Court of Appeals. On March 30, 2022, Judge Rhonda Hunter took the oath of office and became the presiding judge of the 303rd District Court.

[2] Judge Rivera-Worley was the presiding judge of the 16th District Court in Denton County from 2003 until 2012.

On February 2, 2021, the court coordinator sent an invitation via email to relator's and Mother's counsel to attend a Zoom meeting the following day with a visiting judge. On that same day, relator filed an objection to the assignment of a visiting judge. On February 3, Judge Rivera-Worley overruled relator's objection as untimely, noting that she had already taken action in the case by signing the January 12, 2021 agreed order. Judge Rivera-Worley then proceeded to hear the motion to enforce temporary orders. By email dated March 22, Judge Rivera-Worley ruled on that motion as follows:

> Following a review of the pleadings, exhibits, testimony and argument of counsel, I find it in the best interest of the children to deny the Grandmother/Petitioner's Motion for Enforcement and for Sanctions.

On April 12, 2021, relator filed her first petition for writ of mandamus challenging Judge Rivera-Worley's order overruling her objection to the assignment of a visiting judge. On August 4, 2021, this Court denied that petition on procedural grounds without prejudice to the refiling of same. *In re Caddell*, No. 05-21-00233-CV, 2021 WL 3412238, at *1 (Tex. App.—Dallas Aug. 4, 2021, orig. proceeding) (mem. op.). In doing so, this Court noted:

> We have no authority to issue a writ of mandamus to a successor judge for a visiting judge's ruling. *See* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."). Rule 7.2(b) would require us to give the successor judge an opportunity to reconsider the challenged order before we may consider relator's request for mandamus relief. Nevertheless, we note that our opinion does not prevent relator from refiling another enforcement action.

*Id.* at *1 n.1.

On October 15, 2021, relator filed her second amended motion to enforce temporary orders in the district court. By that time, Judge Rhonda Hunter, the successor to Judge Garcia, had become the presiding judge of the 303rd District Court. A hearing on the amended motion was held on January 31, 2022, during which Judge Hunter considered arguments as to whether she had the authority to proceed to hear that motion based on this Court's August 4, 2021 denial of the prior petition for writ of mandamus. She then ruled as follows:

> I am Judge Rhonda Hunter . . . . I was sworn in on March 30, 2021. The motion was served on Respondent because she agreed to service on January 12 of 2021. The Respondent then appeared on February 3rd, 2021. The mandamus was an objection to the visiting Judge. The visiting Judge denied the objection to the visiting Judge and heard the underlying proceeding on February 3rd, 2021. Then the visiting Judge rendered on March 22nd of 2021.
>
> First of all, a footnote is dicta, but the footnote would require that I rule on the issue that was the subject of the mandamus, which is the objection to the visiting Judge. And this Court now rules that the objection to the visiting Judge, the denial and the denial of that objection by Judge Worley was proper. The order rendered by the visiting Judge is the order of the Court.
>
> That is all for the record.

This original proceeding followed.

### AVAILABILITY OF MANDAMUS RELIEF

Entitlement to mandamus relief requires relator to show that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In*

–4–

*re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A judge has no discretion to deny a timely objection to a visiting judge. *See Dunn v. Street*, 938 S.W.2d 33, 34 (Tex. 1997). If the assigned judge refuses to remove himself or herself after a party timely files an objection, that judge's subsequent orders are *void* and the objecting party is entitled to mandamus relief without a showing that he or she lacks an adequate remedy by appeal. *Id.*; *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex. 1996); *In re Flores*, 53 S.W.3d 428, 430 (Tex. App.—San Antonio 2001, orig. proceeding); *Amateur Athletic Found. v. Hoffman*, 893 S.W.2d 602, 603 (Tex. App.—Dallas 1994, orig. proceeding).

## DISCUSSION

The presiding judge of an administrative judicial region is authorized to assign judges in the region to "try cases and dispose of accumulated business." TEX. GOV'T CODE ANN. § 74.056(a). A judge sitting by order of assignment has "all the powers of the judge of the court to which he is assigned." *Id.* § 74.059(a). The judges that may sit by assignment are specified by statute, and include active, retired, or senior judges. *See id.* § 74.054. Section 74.053 of the government code governs the ability of parties to make objections to the assignment of trial judges and the procedure for making such objections. *See* GOV'T § 74.053.

Section 74.053 of the government code, entitled "Objection to Judge Assigned to a Trial Court," states, in relevant part, as follows:

   (a)   When a judge is assigned to a trial court under this chapter:

–5–

(1)  the order of assignment must state whether the judge is an active, former, retired, or senior judge; and

(2)  the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b)  If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c)  An objection under this section must be filed not later than the seventh day after the date the party *receives actual notice of the assignment or before the date the first hearing or trial*, including pretrial hearings, commences, whichever date occurs earlier. The presiding judge may extend the time to file an objection under this section on written motion by a party who demonstrates good cause.

*Id.* § 74.053 (emphasis added). The statute requires an immediate objection to an assigned judge to prevent parties from attempting to "sample" the judge before objecting. *Collins v. D.R. Horton-Texas Ltd.*, 574 S.W.3d 39, 45 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Here, realtor claims the trial court abused its discretion by sustaining the overruling of her objection to the visiting judge and refusing to hear her enforcement motion because her objection on February 2 to the assignment was timely.

It is undisputed that relator did not object to the assignment of Judge Rivera-Worley until February 2. The timeliness of relator's objection hinges upon whether the January 12, 2021 "Agreed Order to Appear" is a ruling on a first hearing, as it

appears Judge Rivera-Worley considered it to be, or assigned Judge Rivera-Worley to the case.

The government code does not define the word "hearing." We are certainly cognizant of the most widely known and accepted concept, a relatively formal proceeding in which witnesses are heard and evidence presented. BLACK'S LAW DICTIONARY 721 (6th ed. 1990). This definition appears to imply that physical presence of the parties is required. *Perkins v. Groff*, 936 S.W.2d 661, 665 (Tex. App.—Dallas 1996, writ denied). The word "hearing" has also been defined as an "opportunity to be heard or to present one's side of a case." WEBSTER'S THIRD NEW INT'L DICTIONARY 1044 (3rd ed. 1981). However, this definition is broad enough to include written materials. *Perkins*, 936 S.W.2d at 665.

As to whether the January 12 order is, in the first instance, a ruling on a first hearing triggering an obligation to object to the assignment of the visiting judge, I find this Court's decisions in *Lewis* and *Perkins* to be instructive.

In *Lewis*, this Court rejected an argument that an objection was untimely when it was made after the court coordinator telephoned counsel to advise them that the case had been called for trial and that an assigned judge would hear the case. *Lewis v. Leftwich*, 775 S.W.2d 848–51 (Tex. App.—Dallas 1989, no writ). The Court acknowledged that Lewis had tendered his objection prior to appearing before the assigned judge and concluded that "the court coordinator's telephone call is without significance" in its analysis regarding timeliness. *Id.* at 849. The Court stated

–7–

that "[s]uch a telephone call simply advises the parties that a case is tentatively set for trial it is notice that a case is being called for trial. It is not the same thing, however, as a case being called to trial by a judge who has taken the bench." *Id.*; *see also Pavecon, Inc. v. Liese*, No. 05-01-01389-CV, 2002 WL 1895436, at *1 (Tex. App.—Dallas Aug. 19, 2002, no pet.) (mem. op.) (noting that neither a docket call nor a trial court's ministerial action in recessing a hearing to allow a party's appearance is a "ruling" and stating that "[w]e do not believe that when the statute speaks of a 'hearing,' or when cases speak of a 'ruling,' they contemplate this kind of administrative synchronization of trial participants").

In *Perkins*, this Court considered "whether an objection is timely within the meaning of section 74.053 if it is lodged after the assigned judge considers a party's requests for relief and makes rulings in the case, but does so without receiving oral argument from counsel while sitting on the bench in open court." 936 S.W.2d at 664. There, Perkins lodged his objection to the assigned judge before the first hearing in open court, but after the assigned judge had considered and ruled on two of Perkins' motions. *Id.* at 663–64. This Court concluded "that section 74.053 requires an objection before the assigned judge makes any rulings in the case, even if not in open court." *Id.* at 664. In so ruling, this Court surveyed numerous cases and clarified its holding in *Lewis*. *Id.* at 664–67. The Court held:

> [W]hen a party files a motion requesting affirmative relief and the judge considers the merits of the arguments and rules on the matter, there has been a hearing within the meaning of section 74.053. The statute

–8–

contemplates a presentation of argument accompanied by judicial examination and a ruling. To constitute a "hearing," oral argument is not necessary. Further, a "hearing" need not take place in a courtroom while the assigned judge sits on the bench in the presence of counsel . . . . We consider this to be the just and reasonable result intended by the legislature when it enacted section 74.053.

*Id.* at 666.

Here, the "Agreed Order to Appear" is not a ruling on a motion requesting affirmative relief and relator was never in a position to object to it. Judge Rivera-Worley simply signed the order that was tendered to the court as "agreed," memorializing the parties' purported agreement with respect to the hearing on relator's motion to enforce the temporary orders. In essence, this "order" was nothing more than notice of a subsequent hearing pursuant to an agreement of the parties, the type of ministerial act that does not trigger an obligation to object. *See Pavecon*, 2002 WL 1895436, at *1; *Lewis*, 775 S.W.2d at 849. As to whether the order is an assignment of Judge Rivera–Worley to the case, nothing in the "agreed order" gives the parties notice that Judge Rivera-Worley had been assigned to hear the case and there is no other indication of any other form of notice to trigger a waiver. Thus, I conclude the "Agreed Order to Appear" is not a ruling on a first "hearing" or an assignment of Judge Rivera-Worley to the case that triggered an obligation to object.

Accordingly, the first notice of the assignment of Judge Rivera-Worley to the case occurred the day before the hearing on relator's enforcement motion when the

court coordinator communicated with counsel via email that the hearing would be conducted via Zoom with a visiting judge. Relator objected to the assignment that same day and before appearing before Judge Rivera-Worley. Thus, her objection was timely, as a matter of law. *Lewis*, 775 S.W.2d at 849; *see also Flores*, 932 S.W.2d at 501.

## CONCLUSION

Because relator's objection was timely, the trial court abused its discretion in sustaining Judge Rivera-Worley's ruling on the objection and refusing to consider realtor's enforcement motion. Because the denial of a timely section 74.053 objection is a proper subject of mandamus, I dissent from the majority's conclusion relator has failed to show she is entitled to the relief she seeks in this original proceeding.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

220435DF.P05