

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00119-CV

**IN THE INTEREST OF S.Q.**, a Child

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 16-1813-CV
The Honorable Steve Burgess, Judge Presiding

Opinion by:   Irene Rios, Justice

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Irene Rios, Justice

Delivered and Filed:  June 27, 2018

AFFIRMED

This is an accelerated appeal from the trial court's order terminating Appellant Misty's parental rights to her child, S.Q. Misty argues the trial court erred because a senior judge was assigned to preside over the trial over Misty's objection. We affirm the trial court's order of termination.

## BACKGROUND

The Texas Department of Family and Protective Services filed a petition to terminate Misty's parental rights to S.Q. On October 19, 2017, Misty filed a "Motion for Continuance and Objection to Visiting Judge," which stated, in part: "Respondent . . . files this objection to visiting Judge hearing the trial on the merits in the above referenced cause. Respondent requests this case

be reset in front of the Judge of the 25th Judicial District in Guadalupe County." At the time of Misty's objection, no visiting judge had been assigned to the case.

On February 6, 2018, the regional presiding judge assigned the case to the Honorable Donnie R. Burgess, then senior judge of the Ninth Court of Appeals. Judge Burgess presided over the jury trial that commenced on February 12, 2018. Following trial, Judge Burgess signed a final order of termination terminating Misty's parental rights to S.Q. Misty appeals.

### DISCUSSION

Misty's sole issue on appeal is whether the trial court erred because Judge Burgess presided over the jury trial despite Misty's objection. Section 74.053 of the Texas Government Code prohibits an assigned judge from hearing a civil case if a party files a timely objection. TEX. GOV'T CODE ANN. § 74.053(b) (West 2013). An objection to a visiting judge "must be filed not later than the seventh day after the date the party receives actual notice of the assignment or before the date the first hearing or trial, including pretrial hearings, commences, whichever date occurs earlier." *Id.* § 74.053(c); *accord In re Canales*, 52 S.W.3d 698, 704 (Tex. 2001) (orig. proceeding) (explaining an objection is timely if filed before the first hearing or trial over which the assigned judge presides). The statute requires an immediate objection to an assigned judge to prevent parties from attempting to "sample" the judge before objecting. *Canales*, 52 S.W.3d at 703.

A party may not, however, object to the assignment of a visiting judge before the assignment takes place. *In re Carnera*, No. 05-16-00055-CV, 2016 WL 323654, at *2 (Tex. App.—Dallas Jan. 27, 2016, orig. proceeding) (mem. op.) (citing *Discovery Operating, Inc. v. Baskin*, 855 S.W.2d 884, 887 (Tex. App.—El Paso 1993, no writ)). Further, a party impliedly withdraws an objection by participating in a hearing or trial without advising the assigned judge that an objection has been filed and seeking a ruling. *Id.*; *see also In re Approximately $17,239.00*, 129 S.W.3d 167, 168 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding objection waived

where assigned judge was unaware of objection until hearing had been "underway for some time"); *Tex. Emp't Comm'n v. Alvarez*, 915 S.W.2d 161, 166 (Tex. App.—Corpus Christi 1996, no writ) ("[W]e hold that a party waives its objection to an assigned judge by proceeding to trial without first presenting its section 74.053 objection and obtaining a ruling from the assigned judge.").

Here, Misty's October 19, 2017 objection is ineffective because she made it before Judge Burgess was assigned to the case on February 6, 2018. *See Carnera*, 2016 WL 323654, at \*2 (holding pro forma objection "to the assignment of this matter to an associate or visiting [judge] for trial on the merits" contained in petition was insufficient to object to later-assigned visiting judge). Further, Misty waived any objection by proceeding to trial before Judge Burgess without making him aware of the objection or requesting a ruling before trial commenced on February 12, 2018. *See id.* (holding any objection to visiting judge was waived where both parties proceeded to trial without requesting a ruling).

We overrule Misty's sole issue on appeal.

**CONCLUSION**

Because Misty did not timely object to Judge Burgess's appointment, Judge Burgess was not prohibited from presiding over the jury trial. We, therefore, affirm the trial court's order of termination.

Irene Rios, Justice
